JAMES D. THOMSON *vs.* JULIA LUDINGTON & others.

A testator by his will gave his estate to his widow during her life or widowhood, and at her decease or marriage " to such of my children as shall then be living, share and share alike; the names of my said children are A., B., C., D. and E., to them and to their heirs and assigns forever." B. survived the testator, but died before the death or marriage of the widow, and left a child born in the testator's lifetime. *Held*, that this child had no interest in the estate.

CONTRACT against Julia, widow of Corbet Ludington, and George C., Lucy M., Francis H. and Caroline E. Ludington, their children, on the defendants' covenant of warranty of title and against incumbrances in their deed dated May 25, 1869, of a parcel of real estate in Boston to the plaintiff. Writ dated December 21, 1869. The case was submitted to the judgment of the court on the following statement:

" It is agreed that Corbet Ludington was seised in fee of the premises and died in 1852, leaving a will, duly proved, in which are the following provisions: ' I give, devise and bequeath to my present wife, Julia Ludington, all my estate, real, personal and mixed, to and for the uses and trusts following, to wit: In trust to use and enjoy the same as she now does, she taking care of and maintaining my children, so far as the same will maintain them during the period of her widowhood, and at her decease or marriage then further in trust to divide the same

equally to and among such of my children as shall then be living, share and share alike; the names of my said children are George C., Ann L., Lucy M., Francis H. and Caroline E., to them and to their heirs and assigns forever.' The widow survives unmarried, and signed the deed, as did all the children named in the will, except Ann L., who died some years after the testator, leaving one child, Lucy C. Hapgood, who was born a few weeks before the testator's death. If said Lucy C. has any interest in the premises, judgment is to be for the plaintiff; otherwise for the defendants."

*J. D. Thomson, pro se.*

*W. A. Herrick,* for the defendants.

GRAY, J. The devise at the death or marriage of the widow " to and among such of my children as shall then be living, share and share alike," gives a contingent remainder to such of the children as shall be living when the contingency of such death or marriage happens. *Olney* v. *Hull,* 21 Pick. 311. In the next clause, the testator gives the names of " my said children," that is, of all those already described as " my children ; " for he could not foretell which of them would be living at a future time; and this clause does not extend the effect of the previous one, by which such of them only as shall be living upon the happening of the contingency are to take. The further words " to them and their heirs and assigns forever" do not describe the devisees, but the quantity of their estate, or, in other words, merely show that the estate to be taken by virtue of the previous words is an estate in fee. The daughter who died after the testator and before his widow therefore took no estate, and none passed to her child.

*Judgment for the defendants.*