ROBERT D. SMITH, trustee, *vs.* ELIZABETH H. RICE
& another.

Suffolk.· Nov. 21, 1879. — Feb. 28, 1881. MORTON, SOULE & FIELD, JJ.,
absent.

Land was conveyed in trust to permit A. and others to use it during their respect-
ive lives, and, on the purposes of the trust being accomplished, to convey it to
certain children of A. by name, "and such other children of A. as shall then
be living." *Held,* that the children named took contingent remainders only.

BILL IN EQUITY by a. trustee under a deed to obtain the in-
structions of the court. The case was reserved on the bill and
answers, by *Lord,* J., for the consideration of the full court, and
was as follows:

In 1837, Benjamin Weld and Elizabeth Weld, his wife, con-
veyed a parcel of land in Roxbury to a trustee (whose successor
the plaintiff is) in trust to permit the grantors to use and occupy
the land during their lives; upon the death of the grantors, to
permit their son, Samuel H. Weld, to use and occupy the same
during his life; on his death, to permit his widow, if she should
survive him, to use and occupy the same so long as she should
remain such; and "in trust, after the purposes aforesaid shall be
accomplished, to grant and convey the same to Elizabeth H.
Weld, Susan Weld, Samuel H. Weld, Junior, children of said
Samuel H. Weld, and such other children of said Samuel H.
Weld as shall then be living, to them and to their heirs and
assigns forever."

Samuel H. Weld survived the grantors and his wife, and died
February 27, 1879, never having had any other children than
the three named in the deed; and after the death, during his
life, of his son Samuel H. Weld, Jr., intestate and without issue,
conveyed to his daughter Susan (now Mrs. Mansur) all his right,
title and interest, as heir of his son, in the land in question,
reserving his life estate therein. By his will, after a bequest
to his daughter Elizabeth H. (now Mrs. Rice), he devised the
residue of his property to his daughter Susan.

Elizabeth H. Rice claims one half of the estate, on the ground
that the gift of the remainder was contingent upon the children
of Samuel H. surviving the life tenants.

Susan Mansur claims two thirds of the estate, on the ground that the three children of Samuel H. Weld took each a vested remainder under the trust deed at the date of the conveyance; and that the share of her brother Samuel passed by descent to his father, and has come to her by his deed and will.

*W. G. Russell,* for Mrs. Rice.

*A. Mason,* for Mrs. Mansur.

GRAY, C. J. The gift in remainder, after the expiration of the equitable estates for life reserved to the grantors, and of those granted to Samuel H. Weld and his wife, is "to Elizabeth H. Weld, Susan Weld, Samuel H. Weld, Junior, children of said Samuel H. Weld, and such other children of Samuel H. Weld as shall then be living, and to their heirs and assigns forever."

There can be no doubt that the gift in remainder is restricted, so far as regards children not named therein, to such children as shall be living at the expiration of the last life estate; and the question to be determined is whether the restriction applies to the children named also.

The court is of opinion that it does. The language used by the grantors manifests their intention to be that no child of Samuel H. Weld shall have any actual or beneficial use of the property until after the expiration of all the life estates; and that "such other children of said Samuel H. Weld" than those named "as shall then be living" (if he shall leave any such other children) shall take equal and similar estates with those named. The legal effect is, that the children named and those not named (if any) together constitute a class, all the members of which cannot be ascertained until the expiration of the life estates; and that the vesting of the title, legal or equitable, in possession or in right, in those of that class who are named, as well as in those who are not named, is contingent upon their surviving the equitable tenants for life. *Thomson v. Ludington,* 104 Mass. 193. *Turner v. Hudson,* 10 Beav. 222.

It follows that the child who died before the last tenant for life took nothing, and that the remainder must be divided between the two surviving children. *Decree accordingly.*