JOHN A. COLBY *vs.* MARY W. DUNCAN & others.

Essex.    March 19. — June 18, 1885.    W. ALLEN, COLBURN, & HOLMES,
JJ., absent.

A testator by his will gave a legacy to each of his children "who may survive me;" gave to his wife the income of the remainder of his estate during her life; and then provided as follows: "After the decease of my said wife, I give, devise, and bequeath all my estate, both real, personal, or mixed, to my children who may then be living, in equal shares, and in case either of them shall have died leaving legal heirs, then such heirs shall be entitled to the share which their deceased father or mother would have been entitled to if living, to hold to them and their respective heirs and assigns forever." *Held,* that the testator's children took a contingent remainder in his real estate.

PETITION for partition of certain land in Haverhill. The case was submitted to the Superior Court, and, after judgment for the respondents, to this court, on appeal, upon agreed facts, in substance as follows:

The petitioner claimed an undivided third part of the land, under a deed dated April 30, 1884, from the widow and two of the children of James H. Duncan, who died in 1869. He left a will, by the second clause of which he gave a legacy " to each of my seven children who may survive me;" and by the third clause of which he gave to his wife, besides certain personal property, " the use, improvement, and income, for and during her natural life, of my dwelling-house, with the land thereto belonging," and also the income of all his other estate, real and personal, after payment of debts and legacies. The fourth clause was as follows: " And after the decease of my said wife, I give, devise, and bequeath all my estate, both real, personal, or mixed, to my children who may be then living, in equal shares, and in case either of them shall have died leaving legal heirs, then such heirs shall be entitled to the share which their deceased father or mother would have been entitled to if living, to hold to them and their respective heirs and assigns forever."

At the death of the testator, seven of his children were living, and two have died since, — one unmarried and intestate, and one intestate leaving a widow and two children who are still living. All of the grantors in the deed under which the petitioner claims are still living. The respondents deny that the

deed conveyed any interest whatever in the premises to the petitioner.

*S. H. Phillips*, for the petitioner.

*J. D. Bryant & I. H. Sweetser*, for the respondents.

C. ALLEN, J. It is conceded that this petition cannot be maintained, if the interest which the children of James H. Duncan took under his will in his real estate was a contingent remainder. The devise is clearly limited to the children who may be living at the decease of the testator's wife, and until that event happens it cannot be ascertained who will take. Were anything necessary to fortify this construction, it would be found in the earlier bequest to each of the testator's children who may survive him. He thus draws a clear distinction between those who are to take under these two different clauses. The interest in the real estate was a contingent remainder. *Denny* v. *Kettell*, 135 Mass. 138. *Smith* v. *Rice*, 130 Mass. 441. *Thomson* v. *Ludington*, 104 Mass. 193. *Olney* v. *Hull*, 21 Pick. 311. *Judgment affirmed.*