JOSEPH M. GIBBENS, administrator, *vs.* FRANCES M. GIB-
BENS & others.

Suffolk.    March 17, 18. — Sept. 12, 1885.    COLBURN, J., absent.

A testator by his will gave to his wife the use of his furniture, pictures, and
books; and provided that "all such articles as are not consumed in the use,
and shall remain in existence at my wife's marriage or decease, shall then go
to my children." The will also gave to the wife all his estate, real and per-
sonal, to hold during her widowhood, and further provided as follows: "At the
decease of my wife, all my estate, real and personal, shall go to and be equally
divided among my children, the issue of a deceased child standing in the place
of the parent." *Held*, that, under the last clause, the children of the testator
took vested interests.

BILL IN EQUITY, by the administrator with the will annexed
of the estate of Daniel L. Gibbens, to obtain the instructions of
the court as to the construction of the will. Hearing before
*Devens*, J., who reserved the following case for the consideration
of the full court.

The will of Daniel L. Gibbens, who died on August 16, 1853,
contained the following provisions :

" I give to my wife, Mary R. Gibbens, the use of all my house-
hold furniture, plate, pictures, books, and utensils ; also all the
family stores, which shall be in the house at the time of my
decease, and destined for family maintenance. All such arti-
cles as are not consumed in the use, and shall remain in exist-
ence at my wife's marriage or decease, shall then go to my
children, they to share the same equally. I also devise and
bequeath to my said wife, to hold during her widowhood, all
my estate, real, personal, and mixed, upon the trust, and for the
intent and purpose, that by and from the net income and pro-
duce thereof she may maintain herself and our family as now
composed, and afford a home to those of my unmarried daugh-
ters who shall desire to join the family hereafter."

" In case my said wife shall marry after my decease, then
upon such event happening she shall receive only one third
part of the net income of my real estate, and one fourth
part of the net produce of my personal property ; the residue
of such income and produce shall thereafterwards, during the

continuance of my wife's life, be equally distributed to and among my children.

"At the decease of my wife, all my estate, real and personal, shall go to and be equally divided among my children, the issue of a deceased child standing in the place of the parent."

A subsequent clause of the will gave the widow power to sell certain real estate; directed that the proceeds should be invested, the income to be taken by the widow for the use of herself and family; and provided that " the capital sum, at her death, is to be equally distributed among my children."

The testator had been twice married. He left a widow and nine children surviving him, four of whom were by his first wife and five by his second wife.

On April 11, 1858, Harriet L., one of his children by his first wife, died. By her will, she left the bulk of her property to the children of her father by his first marriage. Of this will, Joel Wheeler, one of the defendants, was appointed executor.

The widow of Daniel L. Gibbens died on January 9, 1884. The estate of Daniel L. consisted of money and personal property, and of real estate. By an agreement of the parties, the real estate has been sold, and the proceeds, except a sum of money equal to the share which would have come to Harriet L. had she survived the widow of the testator, have been paid over.

The children of the first marriage contended that Harriet L. took a vested interest in the estate of her father; and that one ninth of the property should be paid to her executor. The other children contended that her interest was contingent upon her surviving the widow of the testator.

*A. D. Foster*, for the children of the first marriage.

*E. H. Bennett*, for the children of the second marriage.

C. ALLEN, J. The only clause of the will under which any question arises is the following: " At the decease of my wife, all my estate, real and personal, shall go to and be equally divided among my children, the issue of a deceased child standing in the place of the parent." Other portions of the will are referred to merely as they may aid in showing the intention of the testator in using the above language.

While the meaning of the testator is certainly open to some doubt, which has been shown with much ingenuity and force in

the argument, we are of the opinion, on the whole, that the case falls within the general rule, that a vested remainder will be held to have been intended, in the case of a devise to the testator's children, unless there is something sufficient to show the contrary. There are no words of contingency as to the children who shall take. The devise is general, to the testator's children, the issue of a deceased child standing in the place of the parent. The will does not say that the estate shall go to his children then surviving, or make any provision that the interest of any one of them shall cease in case of his or her death. In the devise, the meaning of which is immediately under consideration, the testator does not even insert the word " then"; that is, that " the estate shall then go to and be equally divided among my children." This word is only used in the earlier clause, providing that such articles of furniture, and other specific articles, as are not consumed in the use, and shall remain in existence at his wife's marriage or death, shall then go to his children. But in all the cases referred to in the argument where stress was laid upon such a use of the word " then," as showing that the remainder was to be held contingent rather than vested, it was accompanied with words of survivorship; as in *Olney* v. *Hull*, 21 Pick. 311, where the words were, " should my wife marry or die, the land then shall be equally divided among my surviving sons; " in *Thomson* v. *Ludington*, 104 Mass. 193, where the remainder was given " to such of my children as shall then be living; " and in *Smith* v. *Rice*, 130 Mass. 441. The argument from the use of the word " then " in the earlier clause does not materially aid in the consideration of the meaning of the clause immediately to be determined, and it is certainly open to much doubt whether the earlier clause would not bear the same meaning if the word " then " were omitted. In *Denny* v. *Kettell*, 135 Mass. 138, the word " then " was not inserted, but the words were, " all the residue of said trust fund, in equal portions, to my surviving nephews and nieces." These being plain words of survivorship, the only question was to what period of time they should be referred; and it was held, in view of all the phraseology of the will, that they should be referred to the period of distribution. That decision throws no light upon the present case, which falls rather within the rules favoring vested

remainders as declared in *Blanchard* v. *Blanchard*, 1 Allen, 223, and *Abbott* v. *Bradstreet*, 3 Allen, 587.

An argument in favor of contingency is drawn from the use of the words, " the issue of a deceased child standing in the place of the parent." It is urged that such issue, if there were any, would take at all events; that the parent could not have disposed of his or her share, to their exclusion; and that, therefore, the interest of the parent was not an absolute vested one. It is contended, on the other hand, that the interest of Harriet was a vested remainder, subject only to be divested by her death in the lifetime of her mother, leaving issue. It is true that there may be such a thing as a vested interest which is determinable upon the happening of a contingency. *Blanchard* v. *Blanchard*, *ubi supra*. But in the present case we do not find it necessary to consider whether Harriet's interest was liable to be divested by the birth and survivorship of issue, or not. It is quite as natural and probable to infer that the words above quoted were used for the purpose of showing clearly that the testator did not intend the devise to lapse, in the case of the death of one of his children, leaving issue. Words to the effect that the issue of deceased children shall take by right of representation are not uncommon in wills, when, strictly speaking, they are entirely unnecessary; and the use of so familiar and common an expression does not carry with it a strong inference that the testator thereby designed to express some peculiar intention with reference to the vesting or contingency of the interest devised. *Pike* v. *Stephenson*, 99 Mass. 188. *Darling* v. *Blanchard*, 109 Mass. 176. *McArthur* v. *Scott*, 113 U. S. 340, 381. 1 Jarm. on Wills, (5th ed. by Bigelow,) 870.

It is further contended, that, inasmuch as the gift in the will embraces personal as well as real estate, it ought more readily to be inferred that the testator intended that his children should take only a contingent interest, and some of the earlier Massachusetts cases countenance this view. *Dingley* v. *Dingley*, 5 Mass. 535. *Denny* v. *Allen*, 1 Pick. 147. *Emerson* v. *Cutler*, 14 Pick. 108, 115. *Rich* v. *Waters*, 22 Pick. 563. In later cases, however, the above decisions have been overruled or questioned; see *Wright* v. *Shaw*, 5 Cush. 56, 60; *Abbott* v. *Bradstreet*, 3 Allen, 590; *Bowditch* v. *Andrew*, 8 Allen, 339, 342; and gifts

over of real and personal property, at the expiration of widow-hood, to the testator's children, have usually been held to convey a present vested interest to the children.

On the whole, looking at all parts of the will, — considering the repetition, in a later portion, of substantially the same idea in different phraseology, — in view of the entire absence, in either of these provisions, of any words of contingency, such as " my children then surviving," and of the fact that nothing was wanting to put the children in full possession except the mere efflux of time, — regarding also the provision that, in case of the remarriage of the testator's wife, the bulk of the income of both real and personal estate was at once to go to his children, — we are brought to the conclusion that the children took vested interests ; and that the share of Harriet L. Gibbens passed by her will. See also *Poor* v. *Considine*, 6 Wall. 458 ; *McArthur* v. *Scott*, 113 U. S. 375 ; *Parker* v. *Converse*, 5 Gray, 336.

*Decree accordingly.*