NELLIE E. COVENY *vs.* WILLIAM McLAUGHLIN & others.

Suffolk.   January 25, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Will* — *Devise to " Surviving Children."*

A testator devised his dwelling-house to his wife for life, and added, "but on her decease I give and devise the same to my surviving children, to be divided equally between them." *Held,* that the word "surviving" related to the time of the wife's death.

PETITION for partition of real estate, situated and numbered 17 on Harris Street, formerly Bartlett Street, in Boston, the property at his decease of John Coffey. Trial in this court, before *Field,* J., who reported the case for the consideration of the full court, the report, so far as material, being as follows.

John Coffey died on June 25, 1867, leaving a will, which was duly admitted to probate, and which, with the exception of parts merely formal, was as follows:

" My affectionate wife, who has been to me a source of so much happiness, must be tenderly provided for. Care must be taken that she has some reasonable income.

" 1st. I give and bequeath to my wife, Johanna H. Coffey, all my household furniture, wearing apparel, and all the rest and residue of my personal property, consisting of fourteen horses, harnesses, tubs, and gear used in my business by me; also all the vessel property that I may die possessed of after payment of my debts.

" 2d. I give and devise to my said wife, Johanna H. Coffey, the use, improvement, and income of my dwelling-house and its appurtenances, situated in the city of Boston aforesaid, in Bartlett Street, numbered 17, and now occupied by me; during her natural life, but on her decease I give and devise the same to my surviving children, to be divided equally between them.

" 3d. I ordain and appoint my said wife as executrix of this my last will and testament, and hereby request that she may not be required to give bonds for the performance of her duties as such."

At the testator's death there were living his widow, Johanna
H. Coffey, and three sons and two daughters: Timothy Coffey,
John Coffey, Jeremiah J. Coffey, Margaret Scott, and Lucy A.
McLaughlin. Timothy Coffey died on October 30, 1867, leaving
a widow and a son. John Coffey died on October 31, 1881, leav-
ing a son and a daughter, who are minors. Lucy A. McLaughlin
died on September 11, 1884, leaving a husband and a son. Jo-
hanna H., widow of said John Coffey, the testator, died on Octo-
ber 16, 1886, testate, and by her will, which was duly admitted
to probate, she devised all her real estate in trust for the benefit
of the children of her son, John Coffey. The petitioner is the
duly appointed trustee under the will of Johanna H., and is the
duly appointed guardian of such minor children. Margaret
Scott and Jeremiah J. Coffey survived Johanna H., but Jere-
miah J., since the death of his mother, has duly conveyed all
his interest in the real estate in question to one Craig.

The petitioner, and the widow and son of Timothy Coffey,
and the husband of Lucy A. McLaughlin, contended that by
the will of John Coffey all the children who survived him took
each a vested remainder of one undivided fifth part of such
real estate. Margaret Scott and Craig contended that, upon the
death of Johanna H., all the estate vested in Margaret Scott and
Jeremiah J. Coffey, and that she, and Craig as the grantee of
Jeremiah J., now owned all the estate, and that neither the peti-
tioner nor the other respondents had any interest in it. The
son of Lucy A. McLaughlin filed a disclaimer to any and all
interest in the real estate in question.

If, on these facts, the petitioner was entitled to have partition
made, then the usual interlocutory judgment was to be awarded;
otherwise, the petition was to be dismissed.

*J. H. Ponce,* for the petitioner.

*J. B. Richardson,* for Craig.

*W. C. Williamson,* for Scott.

C. ALLEN, J. The testator devised his dwelling-house to his
wife for her life, and added, " but on her decease I give and de-
vise the same to my surviving children, to be divided equally
between them." Five children survived the testator, but only
two survived the wife; and the question is whether the word
" surviving " relates to the time of the testator's death or to that

of his wife's death.  According to the natural use of language, it has reference to the latter event.  It is placed in close connection with her decease.  No reference is made to the time of his own death in any part of the will.  The word "surviving" would be unnecessary and meaningless if he meant to give the remainder of the estate to all of his children.  The children surviving on her decease must be taken to be the devisees intended. See *Denny* v. *Kettell*, 135 Mass. 138, and cases there cited.

*Petition dismissed.*