CHARLES POLLOCK *vs.* JOHN E. FARNHAM & others.

Middlesex. January 27, 1892. — May 10, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Will — Construction — Lapsed Legacy.*

A testatrix by her will gave the residue of her estate in trust, and at the decease of the life tenant two thousand dollars thereof to P., and one thousand dollars to V. "and in the event of her death the same to be paid to" V.'s daughter. The will then provided that the residue, "including any and all legacies which may fall from the death of the legatee or legatees," should be held in trust for P., and if at P.'s death she should leave issue, the principal was to be equally divided to her children, share and share alike; but if she should die without issue, then it was to go to others. P. died after the death of the testatrix, and before that of the original life tenant, having never had issue. *Held*, that the legacy of two thousand dollars to P. fell into the residue of the estate, and did not belong to P.'s administrator.

BILL IN EQUITY, for instructions. *Allen*, J. reserved the case for the consideration of the full court. The facts appear in the opinion.

*W. B. Durant*, for the plaintiff, read the papers in the case.

*W. A. Hayes, 2d*, for the residuary legatees.

*J. E. Farnham, pro se.*

FIELD, C. J. Sarah B. Pollock, by her will written by herself, first gave her " wearing apparel, jewelry, money on hand," etc., to her sister, Susan Emmons Pollock, and provided that " in the event of my said sister's decease at the time, or before my decease, then I give and devise all the aforesaid articles . . . to my niece, Madeleine Fletcher Pollock." All the rest and residue of her property, of every kind, she gave to a trustee, to collect the income and " to place the same in the hands" of her sister, Susan Emmons Pollock, for her use so long as she shall live. The will then proceeds as follows: " After the decease of my said sister, I give and devise as follows, viz.: of the rest and residue so devised in trust as aforesaid, I give and bequeath to my niece, Madeleine Fletcher Pollock, the sum of two thousand dollars; to my cousin, Elizabeth Price Van Brunt, the sum of one thousand dollars, and in the event of her death the same to be paid to her daughter, Sarah Pollock Osborne"; and then

there follow, in the same paragraph, other bequests of various sums of money to other persons, some of whom were apparently her relatives and some were not.

It may be assumed that, according to the weight of authority, the words, "After the decease of my said sister, I give and devise as follows," standing alone, would create equitable remainders, which vested as of the death of the testatrix, and that the death of her sister was intended to fix the time when the sums of money bequeathed were to be paid, and not the time when the right to receive them should vest in the legatees. *Wight* v. *Shaw*, 5 Cush. 56, 60. *Blanchard* v. *Blanchard*, 1 Allen, 223. *Weston* v. *Weston*, 125 Mass. 268. *Gibbens* v. *Gibbens*, 140 Mass. 102.

The words, "to my cousin, Elizabeth Price Van Brunt, the sum of one thousand dollars, and in the event of her death the same to be paid to her daughter, Sarah Pollock Osborne," must mean, we think, that this sum shall be paid to Sarah Pollock Osborne if Elizabeth Price Van Brunt die before the death of the life tenant, because the legacy becomes payable on the death of the life tenant, and the time when it becomes payable is the time when it must be determined whether it shall be paid to Mrs. Van Brunt or to her daughter.

The next paragraph of the will is as follows: "The rest and residue of all my property of every kind, including any and all legacies which may fall from the death of the legatee or legatees, I devise and bequeath as follows, to be put in trust for my niece, Madeleine Fletcher Pollock, the income and interest to be paid to her order or separate receipt if married, semiannually or quarterly, as she may desire; said income not being subject to the payment of her husband's lawful debts. If, upon the death of my niece, Madeleine Fletcher Pollock, she leave issue, I desire that the principal be equally divided to her children, share and share alike, but if she die without issue, I then direct that the principal be divided into three equal portions; one portion I bequeath to my cousin, Elizabeth Price Van Brunt, or her lawful issue; one portion I bequeath to my cousins, Maria A. Pollock, Sarah A. Pollock, Hannah R. Hill, and Harriet P. Pollock, daughters of the late George Pollock of Boston, or to such of them as shall be living, share and share

alike; and one portion I bequeath to Jarvis Hall, in Denver, Colorado." Jarvis Hall is a corporation. Madeleine Fletcher Pollock died after the death of the testatrix, and before that of Susan Emmons Pollock, having never had issue.

The trust for Madeleine Fletcher Pollock would not take effect until after the death of Susan Emmons Pollock, and in the event which happened the property that would have been put in trust for Madeleine on the death of Susan becomes payable to the persons to whom it was bequeathed if Madeleine died without issue. An important question is whether it was intended that the legacies which may "fall" from the death of the legatees should be confined to legacies which lapsed by the death of legatees in the lifetime of the testatrix, or should include all legacies which may fail from the death of any legatees during the life of Susan Emmons Pollock. The testatrix had carefully provided for the event of the death of her sister in her own lifetime, but had made no similar provision with reference to other legatees.

The first reference to the event of a death of a legatee in the residuary clause is to that of Elizabeth Price Van Brunt, in the first paragraph, which we have said must refer to her death at any time before that of Susan Emmons Pollock. The bequest of one third of the final residuum, in the next paragraph, " to my cousin, Elizabeth Price Van Brunt, or her lawful issue," also, we think, refers to the time when the property is to be distributed, and means that the one third should be paid or conveyed to Elizabeth Price Van Brunt, if then living; if not, to her lawful issue then living. The same, we think, is true of the next clause, in which one third is bequeathed to the daughters of the late George Pollock of Boston, " or to such of them as shall be living." This means, we think, that the daughters who take must be living at the time of the distribution. Some of the pecuniary legacies given out of the residuum in the first paragraph are of small sums of money to friends, and it probably would not occur to the testatrix that, if these friends died before the death of Susan Emmons Pollock, the sums should be paid on her death to the administrators of their estates. Construing the phrase, " including any and all legacies which may fall from the death of the legatee or legatees," in connection with the

context, and especially with the other provisions with reference to the death of legatees, we are of opinion that it is reasonably clear that the testatrix intended that all legacies out of the residuum should " fall," if the legatees died before the death of Susan Emmons Pollock, except in the case in which she made special provision that, in the event of the death of Elizabeth Van Brunt before the death of Susan, another person, if living, should take. See *Fargo* v. *Miller,* 150 Mass. 225; *Wood* v. *Bullard,* 151 Mass. 324; *Codman* v. *Krell,* 152 Mass. 214, 217; *Peck* v. *Carlton,* 154 Mass. 231.

The single question reserved is, whether the legacy of two thousand dollars to Madeleine Fletcher Pollock should go to the administrator of her estate, or should fall into the residue of the estate of the testatrix; we are of opinion that it falls into the residue.                              *Decree accordingly.*