HENRY O. CUSHMAN, administrator, *vs.* AARON F. ARNOLD & others.

Suffolk.     December 18, 1903. — February 26, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Devise and Legacy,* Construction.

A testatrix, after making a large number of pecuniary legacies, provided that, in case her estate should be more than sufficient to pay the legacies in full, the residue should be paid to the several legatees in proportion to their legacies. By a codicil she left a dwelling house for life to one of the legatees named in her will on condition that she should make it her permanent home, and provided that "at her [the life tenant's] decease and before that event if, and whenever she shall have abandoned it as her permanent home, said house . . . shall fall into the rest and residue of my estate and be disposed of as is by said will provided for the disposal of said rest and residue." The estate of the testatrix was sufficient to pay all legacies in full and distribute a surplus among the legatees. The life tenant made the house her permanent home until her death. An administrator *de bonis non* with the will annexed was appointed, and filed a bill for instructions as to the distribution of the proceeds from the sale of the house. *Held,* that the remainders in the proceeds of the house vested in the legatees, including the life tenant, upon the death of the testatrix, and must be determined as of that date.

There is nothing inconsistent in a life tenant holding a vested interest in a remainder to take effect at his death, and the fact that a life tenant is one of a class to take under a will at his decease, is not enough to show that the testator intended the remaindermen to be ascertained at the termination of the life tenancy rather than at the time of his own death.

BILL IN EQUITY, filed May 28, 1903, by the administrator *de bonis non* with the will annexed * of the estate of Mary Jane Aldrich, for instructions.

The case came on to be heard before *Hammond*, J., who, at the request of the parties, reserved it upon the bill, answers and an agreed statement of facts for determination by the full court, such decree to be entered as equity and justice might require.

Mary Jane Aldrich died on May 13, 1891. Her will was dated April 12, 1884, and a codicil was dated January 13, 1887. Both were proved on June 15, 1891.

The will was as follows:

" Know all Men by these Presents, that I, Mary Jane Aldrich of Boston in the County of Suffolk and Commonwealth of Massachusetts, single woman, being now of sound mind and memory do make this my last will and testament, hereby revoking all former wills by me at any time heretofore made.

" First: I direct all my just debts and funeral charges to be paid out of my estate as soon as conveniently may be after my decease.

" Second: All the rest, residue and remainder of my estate, real, personal, and mixed, I give, devise and bequeath to my mother, Sarah Aldrich, if she survive me, to have and to hold to her, her heirs, executors, administrators and assigns forever.

" Third: If however my mother should not survive me, then after the payment of my just debts and funeral charges, I dispose of my property as follows, viz: "

[Here followed twenty-nine pecuniary legacies, amounting in all to $88,200, of which the largest was as follows: " 5. I give to my friend Sarah Ferris, who has for many years resided in our family the sum of twenty thousand dollars."]

" Should I not have property enough to pay all the legacies above given in full, I direct that the legacy of twenty thousand dollars above given to Sarah Ferris be paid in full and the residue of my property be divided among the other legatees above named *pro rata*. And should there be more than enough to pay all said legacies in full, I direct that the residue thereof

---

* See *Cushman* v. *Albee*, 183 Mass. 108.

be divided among and paid over to said legatees in proportion to the amount of their several legacies hereinbefore named.

"Fourth : I nominate Sarah Ferris and Sumner Albee aforesaid to be the executors of this will and request that they and each of them be exempt from giving any surety or sureties on their official bonds.

"And I give unto my said executors or whoever may execute this will, full power and authority to sell and convey, either at public or private sale any and all real estate as well as personal property I may own or have any interest in at the time of my decease, and to make, execute, and deliver, any and all necessary or proper deeds and other instruments of conveyance thereof."

[Here followed the attesting clauses and the signatures.]

The codicil, omitting the attesting clauses and the signatures, was as follows:

"Know all Men by these Presents that I, Mary Jane Aldrich, of Boston in the County of Suffolk and Commonwealth of Massachusetts, do make this codicil to my last will heretofore made and published by me and dated April 12, 1884, which will I hereby ratify and confirm in all respects, save as the same may be changed by this instrument.

"In addition to the provision made in said will for my friend, Sarah Ferris, I give to her, provided I survive my mother, the use and improvement of my house numbered 216 Newbury Street in said Boston, in which we now reside, together with all the furniture, fixtures and articles of household use or ornament, belonging to me which may be in said house at my decease, during the remainder of her natural life, provided she shall reside in said house and make it her permanent home, and keep said house in good repair and pay all the taxes which may be assessed upon the same. And at her decease and before that event if, and whenever she shall have abandoned it as her permanent home, said house, furniture, fixtures and articles of household use shall fall into the rest and residue of my estate and be disposed of as is by said will provided for the disposal of said rest and residue."

*H. O. Cushman*, administrator, stated the case.

*F. G. Cook*, for the executrix of the will of Sumner Albee.

*G. P. Wardner,* for the executor of the will of Sarah Ferris Devlin.

*A. A. Wyman,* for John F. Aldrich.

*D. L. Smith,* for Aaron A. Haskins, individually, as administrator of the estate of Aurilla Haskins and as executor of the will of Sophia M. Aldrich, submitted a brief.

BRALEY, J. The testatrix, Mary J. Aldrich, died May 13, 1891, leaving a will and codicil which were duly admitted to probate. Apparently Sarah Aldrich, mother of the testatrix, to whom all the rest and residue of the estate was given, did not survive her and the property was divided among a large number of legatees who are specifically named, and for whom the further provisions were made; that if any residue remained after paying all the pecuniary legacies in full, it should be converted into money, and divided among " said legatees in proportion to the amount of their several legacies hereinbefore named." The estate so left was of sufficient value not only to pay all these legacies in full, but to leave a large amount for distribution under the residuary clause of the will. *Cushman* v. *Albee,* 183 Mass. 108. All the estate has been distributed except the house and land in Newbury Street, which was given by the codicil to Sarah Ferris for life. She is now dead. And the question raised is, whether the proceeds to be derived from a conversion of this property into money in accordance with the provisions of the will and codicil, is to be distributed and apportioned as of the date of the death of the testatrix, or that of the life tenant.

The will and codicil are to be construed together, and form one instrument for the purpose of ascertaining her intention as to the disposition of her estate. *Lyman* v. *Coolidge,* 176 Mass. 7, 9. *Bassett* v. *Nickerson,* 184 Mass. 169.

Except so far as she gave to Sarah Ferris, who by a subsequent marriage became Sarah Ferris Devlin, the use for life of the family residence under certain conditions, the provisions of the will were not affected or modified by the codicil.

Nothing is shown in the case to take it out of the ordinary rule, that a remainder after a life estate must be held to have vested at the death of the testatrix, unless from the terms of the will it was clearly her intention that it should not vest,

except upon the happening of the event on which final distribution is to be made. *Peck* v. *Carlton*, 154 Mass. 231, 233. *Marsh* v. *Hoyt*, 161 Mass. 459, 461. *Cook* v. *Hayward*, 172 Mass. 195, 196.

Not only was a life estate given to her, but the life tenant was also made one of the legatees in the will, and is within the class among whom the residue of the entire estate is to be divided. This clause of the will is in legal effect the same as if each legatee had been again named and his or her proportionate share of the residue stated. *Shaw* v. *Eckley*, 169 Mass. 119, 121.

In other words she was given a fractional interest in a remainder which was subject to the life estate given her by the codicil. But if this part of the estate was not to be divided until her death, while the life estate would not be affected, she could not be personally benefited by such distribution ; but the conditions upon which the life estate was to be enjoyed were, that she should reside in the house, keep it in good repair, pay all taxes assessed thereon, and make it her permanent home. If it was abandoned by her as a permanent home, then, as well as at her decease, final distribution was to be made of this part of the estate. Mrs. Devlin might have chosen not to occupy the house, the life interest in which is stated to be given to her in addition to the provision made for her benefit in the will; or after occupancy she might choose to make her home elsewhere. In either event, distribution would immediately follow.

There is nothing inconsistent or repugnant in the gift of a life estate with a remainder to a life tenant, even though such remainder can never come into the possession of the remainderman. *Chesman* v. *Cummings*, 142 Mass. 65, 70. *Rotch* v. *Rotch*, 173 Mass. 125, 130.

And this fact is not enough to change the time when the remainder must be held to have become vested. No words of contingency are used, as if she had said the distribution should be among the legatees then surviving, or such as shall be alive at the death of the life tenant; and no intention appears in her scheme for the distribution of her estate as a whole, to make other than a present bequest to the legatees named. Neither does the language used create two classes of legatees: those

who are to take at her death, and those who, if they survive, would take at the death of the life tenant. *Blanchard* v. *Blanchard*, 1 Allen, 223.

The codicil provides, "and at her decease . . . said house . . . shall fall into the rest and residue of my estate and be disposed of as is by said will provided for the disposal of said rest and residue."

The words "at her decease" are not susceptible of any stronger meaning than if she had said, that this part of her estate should then become the property of the legatees for the purpose of possession and enjoyment, and to which they already had the legal title.

These words do not state a contingency on which their interest was to vest, but merely designate the time when the class called "said legatees" would be entitled to possession of the respective portion of each in the proceeds of the sale.

The death of Sarah Ferris Devlin was the time fixed when this part of the estate of the testatrix was to be converted into money, and distributed to those whose right to receive any portion of it had already vested at the date of the death of the testatrix. *White* v. *Curtis*, 12 Gray, 54. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Gibbens* v. *Gibbens*, 140 Mass. 102. *Loring* v. *Carnes*, 148 Mass. 223. *Pollock* v. *Farnham*, 156 Mass. 388. *Harding* v. *Harding*, 174 Mass. 268.

When the petitioner has converted this house into money according to the terms of the will of Mary J. Aldrich, the net proceeds are to be distributed among the legatees named therein as of the date of her death, and in the proportion that the pecuniary legacy given to each bears to the whole sum of the residue to be divided. The executor or administrator of any deceased legatee named in the will to take his or her portion; and Edward Devlin, trustee under the will of Sarah Ferris Devlin, is to receive the share given to her.

*Decree accordingly.*