FRANK H. BALL, administrator, *vs.* FRANK H. HOLLAND & others.

Worcester.    October 5, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy*, Construction.

A will, after directing the payment of the testator's debts and funeral charges, contained this clause : " I give, devise and bequeath to my sons and daughters should they be alive at the time of my decease or any of them that may be alive as follows, [naming each of the testator's twelve children of whom eleven were living at the time of his death] five dollars each." The remainder of his estate

he gave to his wife, so long as she should remain his widow, with the power to care for any minor children out of the property until they should reach their majority. He provided that in case his wife married, the property which she should have received at his death and should not previously have used should be divided among his surviving children, and that in case his wife should "remain unmarried until her death then that all of my property which she may possess shall be disposed of equally among all my surviving children." The testator's widow died without marrying again. *Held,* that the interests in the nature of remainders vested at the death of the testator in his children then living, and that the executors or administrators of children living at his death who died before the widow were entitled to share in the distribution.

BILL IN EQUITY, filed in the Probate Court for the county of Worcester on January 1, 1904, by the administrator with the will annexed of the estate of Henry Holland, late of Shrewsbury, for instructions.

In the Probate Court *Forbes,* J. made a decree that the distribution be made among the children and the legal representatives of children of the testator who were living at the time of his death. Frank H. Holland and others appealed, on the ground that by the true construction of the will the estate of Henry Holland remaining at the death of his widow should be distributed among those only of his children who were living at the time of her death.

The case came on to be heard before *Lathrop,* J., who reserved it upon the pleadings, an agreed statement of facts and the other papers in the case for determination by the full court, such decree to be entered as law and justice might require.

Henry Holland, the testator, died on May 13, 1890. His widow died on April 1, 1903. After the death of the testator and before the death of his widow three of the testator's children died, each leaving a child or children.

The will of Henry Holland was dated May 26, 1877, and was allowed on June 17, 1890. Omitting the attesting clause and the signatures it was as follows :

" I, Henry Holland of Worcester, in the County of Worcester and Commonwealth of Massachusetts, machinist, make this my last will.

" I give, devise and bequeath my estate and property real and personal, that may be in my possession at the time of my decease, or in expectancy, as follows, that is to say : —

" 1st. I direct that all my debts and funeral charges be paid.

" 2nd. I give, devise and bequeath to my sons and daughters should they be alive at the time of my decease or any of them that may be alive as follows, — To George Sylvanus Holland, to Jane Priscilla Ball, to Helen Victoria Fairbanks, to Charles Davis Holland, to Henry William Holland, to Albert Russell Holland, to Frank Herbert Holland, to Lewis Warren Holland, to Ella Louisa Holland, to Willie Nelson Holland, to Lincoln Holland, and to Cora Etta Holland, five dollars each ($5.00).

" 3rd. I give, devise and bequeath all the rest and residue of my estate real and personal, to my beloved wife, Hannah Avery Holland, to have and to hold for her use and benefit so long as she shall remain my widow; provided nevertheless that should any of my children be in their minority at the time of my decease they shall be cared for by their mother out of my property until such time as they shall reach their majority.

" 4th. Should she be married again (which I do not object to if she judges it most conducive to her happiness) I direct that all the rest and residue of my property which she shall have received at my death and shall not have previously used for her benefit shall at the date of her marriage be equally divided between my surviving children provided nevertheless that should any of my children be in their minority at the time of said marriage I direct that they receive out of my estate from funds that shall be reserved therefrom, for that purpose, as already stated in No. 3rd of this my last will.

" 5th. I also direct that should my said wife, Hannah Avery Holland, remain unmarried until her death then that all of my property which she may possess shall be disposed of equally among all my surviving children, unless in case of any of my minor children may survive their mother, who shall be provided for as stated in No. 3rd of this my last will.

" 6th. I do hereby constitute and appoint my said beloved wife, Hannah Avery Holland, my executrix of this my last will with the advice and assistance of my friend, Rev. William Pentecost of Worcester, and I request that she be required to give no bonds as my executrix."

*J. B. Scott*, for Frank H. Holland.

*H. L. Parker*, guardian *ad litem*, for the minor children of Albert R. Holland.

BRALEY, J. The scheme of the will was to make full provisions for the support of the testator's wife, and, during minority, of their minor children living at his death. To accomplish this she was given full authority, so long as she lived and remained unmarried, to spend not only the income but the residue of his entire property after the payment of nominal pecuniary legacies provided for in the second clause of the will.

Until her widowhood was terminated it could not be determined whether any of his property would be left for distribution under the fifth clause. If there was, he directed at her death " then that all of my property which she may possess shall be disposed of equally among all my surviving children."

The widow having died unmarried, leaving surviving children, and representatives of those that have deceased since the death of her husband, the question is, among whom is the remainder of his property, not used by her, to be distributed.

The general rule is well settled that a remainder after a life estate is held to have vested at the death of the testator, unless from the terms of the will it clearly appears to have been his intention that it should not vest except upon the happening of the event on which the final distribution of any residue remaining is to be made. *Cushman* v. *Arnold*, 185 Mass. 165, 168, 169.

If he had said, " At the death, or marriage of my widow I give all of my property which she may possess to such of my children as shall then be living," those alive at the time fixed would have taken a contingent remainder. *Thomson* v. *Ludington*, 104 Mass. 193.

If the adverb " then " refers to his wife's death as the period when possession shall be taken, and not to the time when the estate is to vest, this construction does not dispose of the word " surviving ", for if he had meant that all his children living at his decease should participate ordinarily this word would seem to be unnecessary.

Throughout the will the testator when he has occasion to refer to them invariably limits those that are to take to children living at the end of the period.

Thus in the fourth clause, which provides for a division if his widow again marries, he expresses his purpose by directing it to be among " my surviving children."

It is possible to hold from these clauses that he meant such of his children as might be living at the termination of their mother's estate, and so bring the case within a line of decisions where under language largely, if not exactly similar, such a construction has been adopted. *Olney* v. *Hull*, 21 Pick. 311. *Smith* v. *Rice*, 130 Mass. 441. *Denny* v. *Kettell*, 135 Mass. 138. *Coveny* v. *McLaughlin*, 148 Mass. 576. *Bigelow* v. *Clap*, 166 Mass. 88. *Hale* v. *Hobson*, 167 Mass. 397. *Harding* v. *Harding*, 174 Mass. 268.

But upon resorting to the second clause, which is preliminary to his principal purpose, the gift by name is " to my sons and daughters should they be alive at the time of my decease or any of them that may be alive."

The will speaks only from his death, when eleven of the twelve children born of the marriage survived, and the more natural construction, in the light of the whole will and of this fact, is that he refers to these children as a class in the sense that they were to take all of his property subject to the devise in favor of his wife, although they might die before their mother. *Bosworth* v. *Stockbridge*, ante, 266.

We are of opinion, therefore, that the remainder vested at the death of the testator, and that his children then living, with the representatives of any child since deceased, are entitled to the residue of the estate.

*Decree of the Probate Court affirmed.*