DOROTHY FORBES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY B. FORBES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALLAN FORBES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 71582–71584.   Promulgated February 26, 1935.

*H. J. Gerrity, Esq.*, and *Frank A. Lynch, Esq.*, for petitioners.
*J. J. Willett, Esq.*, and *P. S. Crewe, Esq.*, for the respondent.

OPINION.

LEECH: These consolidated proceedings seek redetermination of income tax deficiencies asserted for the calendar year 1930 in the amounts of $8,038.34 against Dorothy Forbes, $12,834.10 against Mary B. Forbes, and $704.19 against Allan Forbes.

The sole issue is the date of acquisition of certain securities acquired under the provisions of a certain deed of trust, for the purpose of ascertaining the proper basis to be used in determining the gain derived or the loss sustained upon a sale of such securities in 1930.   The proceedings have been submitted upon the pleadings and a stipulation of facts.

The petitioners, residents of Massachusetts, are the children of Alice Bowditch Forbes, who on May 8, 1920, executed a deed of trust which is included herein by reference.   The pertinent provisions of the deed of trust are as follows:

I. This trust is to last for ten years from the date of this instrument, during which time the trustees shall manage the property and distribute the income as herein directed, and at the end of ten years, shall distribute the principal to and among such persons as are then entitled to the income, subject to the provisions hereinbelow stated as to the surviving husbands or wives of any of my children who may die before the termination of the trust. * * *

II. The income of the trust fund hereby created shall be divided equally, at least as often as semiannually, among my three children,—Allan Forbes, Mary Bowditch Forbes and Dorothy Forbes,—and should any of them die leaving issue before the termination of the trust, the income of the parent's share shall be divided among such issue taking by the shares until such termination, and should any of my said children die without leaving issue, or should such issue become extinct, before the termination of the trust, the interest of such

children or issue in the trust both as to income and principal shall merge in and become part of the trust for the benefit of the other beneficiaries hereunder. Provided, however, that should any one of my said three children die before the termination of the trust leaving a husband or wife surviving, such surviving husband or wife shall be entitled, in his or her own right, to *one-half* the income of such child's share until the termination of the trust and the other half shall be distributed among my children or issue as herein provided; and should such husband or wife be living at the termination of the trust, he or she shall 'be entitled in distribution to one-third of the principal of such child's share, and the remaining two-thirds shall be distributed among my children or issue as herein provided. In case any such husband or wife of a deceased child should die before the termination of the trust, their interest therein both as to income and principal shall cease forthwith.

Pursuant to its provisions the trust terminated on May 8, 1930, at which time there was distributed to each of petitioners one third of the corpus of the trust. During 1930 each of petitioners sold some of the securities received upon such distribution. The parties to this proceeding are in agreement as to the securities sold and amounts received therefor by each petitioner.

In filing their respective income tax returns for 1930, petitioners computed gain or loss on such sales by using as a basis, the market value of such securities on May 8, 1930. Petitioners contend that upon the execution of the deed of trust in 1920, each took only a contingent interest in the corpus of the trust and that their respective interests did not vest until the termination of the trust on May 8, 1930, which was the date of their acquisition of the corpus of the trust.

Respondent determined that each of petitioners acquired a vested remainder interest in the corpus of the trust on May 8, 1920. Accordingly, pursuant to section 113 (a) (4) of the Revenue Act of 1928,[1] he used as the basis for computing gain or loss, the market value of the securities on May 8, 1920, or, the cost thereof wherever securities were purchased by the trustees. Such determination resulted in the deficiencies in controversy.

There is no dispute as to the correctness of the basic figures used in the respective computations of the petitioners and the respondent. It is stipulated that if, as a matter of law, respondent used the proper basis, the asserted deficiencies are correct and, further, that if, as a matter of law, the petitioners used the proper basis, their tax returns for 1930 are correct and no deficiencies are due from any of them for that year.

---

[1] Sec. 113. (a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

(4) Gift or transfer in trust before January 1, 1921.—If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition. * * *

The sole issue, the date of acquisition, involves the question of whether, under the deed of trust, petitioners took a vested or a contingent remainder interest in the corpus of the trust on May 8, 1920. In determining this question of property rights, we are bound by the laws of Massachusetts, in which state the trust was created and administered and in which the property was situated. *Spindle* v. *Shreve*, 111 U. S. 542; *Poe* v. *Seaborn*, 282 U. S. 101; *Isabel Richardson Molter*, 27 B. T. A. 442; aff'd., 69 Fed. (2d) 7.

Under the Massachusetts rule, where the estate in remainder is limited to take effect either to an uncertain person or upon the happening of an uncertain event, such estate is contingent and no present right or estate passes. The uncertainty of the *right* to enjoyment makes the remainder interest contingent. A vested remainder is a present right or estate which passes instanter to a certain and definite person *in esse*, although that remainder is to be enjoyed only *in futuro* after the particular precedent estate terminates. The fixed *right* to the remainder makes it vested, although it may be uncertain whether it will ever take effect in possession and enjoyment. *Colby* v. *Duncan*, 139 Mass. 398; 1 N. E. 744; *Coveny* v. *McLaughlin*, 148 Mass. 576; 20 N. E. 165; *Cushman* v. *Arnold*, 185 Mass. 165; 70 N. E. 43; *Ball* v. *Holland*, 189 Mass. 369; 75 N. E. 713; *Gray* v. *Whittemore*, 192 Mass. 367; 78 N. E. 422. If survivorship or other condition precedent, be incorporated into the description of the gift or the designation of the remainderman, such as to my children who may then be living, the remainder will be contingent and the vesting deferred. *Colby* v. *Duncan, supra*. The settled rule of construction is that estates should always be regarded as vested immediately, unless an intention that they should be contingent has been manifested by very clear words. *Bosworth* v. *Stockbridge*, 189 Mass. 266; 75 N. E. 712; *Minot* v. *Purrington*, 190 Mass. 336; 77 N. E. 630. The deed of trust, here under consideration, must be construed to give effect to its intent as evidenced by the language used therein. *Simonds* v. *Simonds*, 199 Mass. 552; 85 N. E. 860; *Crapo* v. *Price*, 190 Mass. 317; 76 N. E. 1043.

After directing an equal distribution of the trust's income to Allan Forbes, Mary Bowditch Forbes, and Dorothy Forbes, for a period of ten years, or to their issue or others in the event of their death prior to the expiration of the ten-year period, the deed provided that the trustees " shall distribute the principal to and among such persons as are then entitled to the income." The use of the adverb " then " must be accompanied by words of survivorship to make a remainder interest contingent, *Gibbens* v. *Gibbens*, 140 Mass. 102; 3 N. E. 1, so that the word " then " as here used refers only to the period when possession shall be taken. *Ball* v. *Holland*,

*supra.* The persons who are to take the corpus of the trust in remainder are designated by the description of those who shall take the income during the existence of the particular estate. The grantor's three children, petitioners herein, received, on May 8, 1920, a vested right to the income from the trust fund. There is nothing inconsistent in a gift of a particular estate and the remainder interest to the same persons, even though such remainder may never come into their possession. *Cushman* v. *Arnold*, *supra.* There are no words of contingency deferring the vesting of the right to the remainder interest and there was nothing wanting on May 8, 1920, except the flight of time, to put the grantor's three named children in possession. Each took a vested remainder interest on May 8, 1920, subject to divestiture in the event of death prior to the termination of the particular estate. *Gibbens* v. *Gibbens*, *supra.*

Accordingly, section 113 (a) (4) of the Revenue Act of 1928 is applicable. The basis for determining gain or loss is the fair market value of the securities comprising the corpus of the trust fund on May 8, 1920, the date of acquisition thereof by petitioners. The deficiencies are those determined by respondent.

*Decision will be entered for the respondent.*