STEPHEN GORDON & others[1] *vs.* SYLVIA G. FELDMAN & others.[2]

Middlesex. February 1, 1971. — March 8, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, & BRAUCHER, JJ.

*Trust,* Vested or contingent interest, Wrongdoing by trustee, Spend-thrift trust.

Under an intervivos trust providing that upon the death of the settlor's widow the trust should terminate and its assets be transferred to the settlor's three children, "one share each, if living, and if any one of them shall have died prior to . . . [the termination of the trust] then the share of the deceased person shall be transferred . . . to the children of said deceased person then living by right of representation," it was held that the settlor's children had interests in the trust contingent upon survival until the death of the settlor's widow, and that the children of a child of the settlor who died before the settlor's widow had alternate contingent interests which vested upon her death and were derived directly from the settlor and not by inheritance from their parent. [28]

Reading an intervivos trust "as an entirety" did not require an interpretation that spendthrift provisions therein required a conclusion that the three children of the settlor had vested interests in the trust rather than interests contingent upon survival until its termination on the death of the settlor's widow, and, although it appeared that after the settlor's death one of his children became trustee and misappropriated trust funds and died before the settlor's widow, and that at her death the amount of the deceased trustee's misappropriation exceeded his one third interest in the trust property, it was held that children of the deceased trustee, who had alternate contingent remainders which vested upon the death of the settlor's widow, were then entitled to one-third interest in the trust property unaffected by their father's misconduct or an agreement for restitution executed after his resignation as trustee. [28]

BILL IN EQUITY filed in the Superior Court on November 10, 1967.

---

[1] Arthur Gordon and Norman Gordon.

[2] Dorothy G. Schuler and Robert F. Schuler.

The suit was heard by *Leen,* J.

*Louis K. Nathanson* for the defendants.

*C. A. Peairs* for the plaintiffs.

SPALDING, J.   This bill in equity was heard on a statement of agreed facts of which the following is a summary. In March, 1950 Samuel A. Gordon executed a declaration of trust naming himself as trustee.   He was entitled to receive both income and principal during his lifetime.   Upon his death the settlor's three children, David M. Gordon, Sylvia G. Feldman and Dorothy G. Schuler were to become trustees of the remaining property from which they were to pay a fixed weekly sum to the settlor's widow, Rose, and any remaining surplus of income in their discretion, to themsclves, if living, or their children, by right of representation.   The trust was to terminate upon the death of Rose, when all of the assets of the trust were to be divided into three equal parts and transferred to the settlor's three children, "one share each, if living, and if any one of them shall have died prior to . . . [the] termination [of the trust], then the share of the deceased person shall be transferred . . . to the children of said deceased person then living by right of representation."   All beneficial interests, with the exception of the settlor's, were subject to spendthrift provisions.

Samuel Gordon, the settlor, died in 1955, and his three children became cotrustees.   The two sisters, Sylvia G. Feldman and Dorothy G. Schuler, authorized their brother, David M. Gordon, an attorney, to manage the trust property.   In 1960, the sisters discovered that their brother had misappropriated over $40,000 from the trust.   Mr. Gordon resigned as trustee immediately, and in 1963 executed an agreement acknowledging his indebtedness to the trust estate, and providing that this indebtedness be paid off by "any interest which he may at any time acquire in the Trust."   Mr. Gordon died in 1964, leaving the plaintiffs as his issue.   At the time of his death the amount of his misappropriation reduced by all income due to him prior to his death exceeded one-third the trust estate as it existed

at his death or at the death of Rose, the settlor's widow. In 1967, Rose died. The total assets of the trust at her death were $52,356.

This bill in equity was brought by David's children who claim that their interests are derived not by inheritance from their father, but directly from the settlor and were not affected by their father's misconduct or agreement for restitution. The question presented was clearly and succinctly stated by the judge as follows: "The resolution of this case turns upon the issue of whether or not the share in the estate claimed by the . . . [plaintiffs] has been forfeited as a result of the misappropriation of trust funds by their deceased father, David Gordon . . . . This in turn depends upon what type of interest in the trust . . . David Gordon had. If his interest was vested David Gordon wrongfully took or anticipated more than his one-third share so that there would appear to be nothing left for his children to take by right of representation. On the other hand, if the interest was contingent upon his survival until the termination of the trust, he had no interest in the trust greater than that of his children who were the alternative contingent remainder men. In that event the loss of funds would have to be borne equally by all the beneficiaries rather than by the . . . [plaintiffs] alone."

The judge ruled that David Gordon had a contingent interest in the trust estate and that the plaintiffs were entitled to one-third interest in the trust unaffected by their father's misconduct or agreement for restitution. From a decree in accordance with this ruling the defendants appealed.

There was no error.

The defendants concede that the case depends entirely on the interpretation of the trust instrument executed by Samuel A. Gordon. An express requirement of survivorship in a remainder gift renders the remainder contingent. There is no question that the words "if living" are commonly employed to express such a contingency. *Commissioner of Corps. & Taxn.* v. *Baker,* 303 Mass. 606, 613. See e.g.

*Colby* v. *Duncan*, 139 Mass. 398 (gift to wife for life, then "to my children who may be then living," or if any predeceased leaving heirs, then to their heirs; held a contingent remainder). This is so even if the remaindermen are specifically named. *Smith* v. *Rice*, 130 Mass. 441 (gift to A, B, C, and other children of X "as shall then be living"; A, B, and C held to have contingent remainders). See *Clarke* v. *Fay*, 205 Mass. 228, which contains an exhaustive collection of the cases on this point in the footnote at pp. 231–232.

Since the language "if living" is clearly and expressly contingent, the rule favoring a construction of interests as vested does not, of course, apply. *Springfield Safe Deposit & Trust Co.* v. *Ireland*, 268 Mass. 62, 65. From a reading of the trust instrument we agree with the judge below that the plaintiffs held alternate contingent remainders which vested upon the death of their grandmother, their father having predeceased her. *Robertson* v. *Robertson*, 313 Mass. 520, 528–529.

The plaintiffs are not barred from taking under the trust by the actions of their father, since one trust beneficiary is not barred by the acts of another without his consent even if the other be the parent of the beneficiary now claiming. *Bennett* v. *Pierce*, 188 Mass. 186, 189. *Turner* v. *Morson*, 316 Mass. 678, 688. And see on facts similar to those here, *Davis* v. *Woods*, 273 Ky. 210.

The defendants argue that the above interpretation is contrary to a reading of the trust "as an entirety," especially giving consideration to the spendthrift provisions. We disagree. The inclusion of the spendthrift clause is consistent with an intention to protect the alternative interests of the children of a spendthrift beneficiary and does not automatically convert the trust into a discretionary one, except as to income during the lifetime of David Gordon.

*Decree affirmed with costs of appeal.*