## CIRCUIT COURT OF CHESTERFIELD COUNTY

Bass

    v.

Fall

February 3, 1989

Case No. (Chancery) 192-88

By JUDGE HERBERT C. GILL, JR.

On December 7, 1988, counsel for Plaintiffs and Defendant presented argument regarding Plaintiffs' motion for summary judgment. Both parties submitted a stipulated statement of facts. Plaintiffs argue that the will at issue effectively disposes of certain realty and that the following provision creates a remainder interest contingent upon surviving the life tenants. The will provides:

> I give to my son, Harvey L. Williams, and Lottie Williams, his wife, my home, the place on which I now reside, with all house furnishings, furniture of every kind, as well as the residue of my estate, this I give them during their life only, and with the distinct understanding that my stepdaughter, Reino Porter, is to have a home with them all her life, or until she marries, at the death of my son, Harvie, and his wife, Lottie, after both die; I wish the place to go to my surviving children; if none survive, then to such grandchildren as may be living at that time, they to have it in fee simple and to dispose of it as they see fit.

Defendant argues that the will fails to dispose of the realty as testator's property was located adjacent to his residence. Testator resided on his brother's property. Alternatively, Defendant argues that the aforementioned provision in the will creates a remainder interest which vested upon the testator's death.

Testator, James Williams, and his brother, Joseph Williams, were conveyed adjoining parcels by their father, Pleasant Williams. The parcels were conveyed on the same date by separate deeds. The home situated on Joseph Williams's property was the sole residence on either parcel. Both the testator and his brother resided in that home. Testator owned no other property than that conveyed to him by his father.

Upon consideration of the argument heard and memoranda presented, it is the opinion of the Court that Plaintiffs' motion for summary judgment is granted. An Order previously prepared and endorsed by counsel has been entered in accordance with this opinion.

The will effectively disposes of James Williams's realty. The realty is described with sufficient certainty given the circumstances presented. The will creates a remainder interest which vested upon the testator's death. The children surviving the testator's death share equally.

A strong presumption exists against intestacy. Harrison, Wills and Administration for Virginia and West Virginia. Section 264(2) (3d ed. 1986). In general, "Where the language used in a will is reasonably susceptible of two different constructions, one of which will defeat and the other sustain the provisions, the doubt is to be resolved in favor of the construction which will give effect to the will, rather than one which will defeat it." *Id.* at 40, citing *Owens v. Bank of Glade Spring*, 195 Va. 1138 (1954).

The phrase "my home, the place on which I now reside," reasonably construed refers to the testator's adjoining parcel. Plaintiffs' counsel notes that adjoining parcels have been held to pass under a similar devise where the several parcels were regarded by the testator as a unit. *Noel v. Jones*, 216 S.W. 98 (1919). *See also* Annot., 38 A.L.R. 2d 840, Section 2 (1954).

Given the circumstances presented, the Court may reasonably infer that the testator regarded the adjoining parcels as a single entity and thereby devised his interest in that "unit." No evidence has been submitted to suggest otherwise. The adjoining parcels were one legal "unit" prior to the conveyance by the Testator's father. The testator and his brother apparently shared the "old frame house" on his brother's parcel.

It is a settled rule of construction "that all devises and bequests are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated by the will." Harrison, Wills and Administration for Virginia and West Virginia, Section 367 (3d ed. 1986). Counsel for plaintiffs notes that under a similar devise, the Supreme Judicial Court of Massachusetts in *Convey v. McLaughlin, et al.*, 20 N.E. 165 (Mass. 1889) held that testator clearly indicated an intention to postpone the vesting and therefore the remainder interest vested upon conclusion of the life estate. The Court reasoned in part, "No reference is made to the time of his own death in any part of the will." *Id.*, 20 N.E. 165 (Mass. 1889).

The remainder interest vested upon the conclusion of the life estate. The provision, "at the death of my son, Harvie, and his wife, Lottie, after both die; I wish the place to go to my surviving children; if none survive, then to such grandchildren as may be living at that time" indicates a "clear" intention to postpone vesting. In particular, the phrase "at that time" modifies "at the death of my son . . . ." As in *Convey v. McLaughlin et al.*, James Williams did not refer to his own death, but rather the death of his son, Harvie, and Harvie's wife, Lottie.