In the Matter of the Will of THOMAS H. CHITTICK, Deceased.

MARGARET C. JOHNSON, Appellant; G. ARTHUR HEERMANS, as Executor, et al., Respondents.

Will — trust — suspension of absolute ownership of property for more than two lives in being — trusts for payment of annual sums to cestuis que trust, accumulation of balance of income, and payment thereof with principal on death of each life tenant to, in one case her descendants and in the others their next of kin, when they shall each arrive at the age of twenty-five years, invalid.

1. Where, by his will, testator created a trust for payment to his daughter of an annual amount and directed that the balance of the

income accumulate and with the principal be paid at the death of his daughter to her lawful descendants " at the time each shall arrive at the age of twenty-five years," the trust for the daughter is good, but otherwise, void as violative of the statute prohibiting the suspension of the absolute ownership of property for more than two lives in being. The accumulations of income have properly been awarded to the person having the next eventual estate, and on the death of the daughter the principal will be payable to her descendants, or if none, to testator's next of kin as provided in his will.

2. Similar trusts for named nephews with provisions for accumulation of surplus income and payment thereof with the principal at the death of each nephew, " to the next of kin of the said nephew when they arrive at the age of twenty-five years " are also void and the principal is payable on the death of each said nephew to his next of kin.

*Matter of Chittick*, 216 App. Div. 179, modified.

(Argued June 9, 1926; decided July 9, 1926.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 10, 1926, which modified and affirmed as modified a decree of the Steuben County Surrogate's Court construing the will of Thomas H. Chittick, deceased.

*Simon Fleischmann, Martin Clark, Adrian Block* and *J. Walter Heffernan* for appellant. The accumulations of income attempted by each of the four trusts are void under express statutory inhibitions. (Pers. Prop. Law, § 16; Real Prop. Law, § 61; *Hawley* v. *James*, 5 Paige, 318; 16 Wend. 60; *Lovett* v. *Gillander*, 35 N. Y. 617; *U. S. Trust Co.* v. *Soher*, 178 N. Y. 442; *Matter of Harteau*, 204 N. Y. 292; *Cruikshank* v. *Home for Friendless*, 113 N. Y. 337; *St. John* v. *Andrews Institute*, 191 N. Y. 254.) The title to the corpus of the trust funds, attempted to be created by the 11th, 12th, 13th and 14th clauses of the will, will not vest in the ultimate beneficiaries of these trusts upon the death of testator's daughters or nephews. (*Cont. Trust Co.* v. *Egleston*, 185 N. Y. 23; *Matter of Silsby*, 229 N. Y. 396; *Boal* v. *Metropolitan*, 298 Fed. Rep. 894;

20

*Matter of Bostwick,* 236 N. Y. 242; *N. Y. Life Co.* v. *Winthrop,* 237 N. Y. 93; *Bailey* v. *Buffalo L. T. & S. D. Co.,* 213 N. Y. 525; *Hooper* v. *Wood,* 125 S. E. Rep. 350; *Perks* v. *Moseley,* 5 App. Cas. 714.) The trusts created by the will are void, irrespective of whether or not the corpus thereof vests in the descendants of the daughter and the next of kin of the nephews upon their respective deaths. (*Sawyer* v. *Cubby,* 146 N. Y. 193; *Converse* v. *Kellogg,* 7 Barb. 597; *Underwood* v. *Curtis,* 127 N. Y. 523; *Bindrim* v. *Ullrich,* 64 App. Div. 444.) There are no words of gift to the descendants of the daughter, or to the next of kin of the nephews, so that the trust funds could not vest until such descendants and next of kin should arrive at the specified ages. (*Matter of Crane,* 164 N. Y. 71; *Matter of Leonard,* 218 N. Y. 513; *Rudd* v. *Cornell,* 171 N. Y. 114; *Herzog* v. *Title Guar. & Tr. Co.,* 177 N. Y. 86; *Schlereth* v. *Schlereth,* 173 N. Y. 444; *May* v. *May,* 209 App. Div. 19; *Matter of Bostwick,* 236 N. Y. 242; *Matter of Evans,* 234 N. Y. 42; *N. Y. Life Ins. & Tr. Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Pulis,* 220 N. Y. 196.) The trusts created by the 11th, 12th, 13th and 14th clauses of the will are invalid and void, in that they suspend the absolute ownership of personal property for more than two lives, as well as for lives not in being at the death of testator. (*Matter of Horner,* 237 N. Y. 491; *Hone* v. *Van Schaik,* 7 Paige, 221; 20 Wend. 564; *Ward* v. *Ward,* 105 N. Y. 68; *Genet* v. *Hunt,* 113 N. Y. 158; *Matter of Howland,* 75 App. Div. 207; *Bindrim* v. *Ullrich,* 64 App. Div. 444; *Matter of Finck,* 171 N. Y. Supp. 573; *Matter of Raab,* 79 Misc. Rep. 185; *Cruikshank* v. *Home,* 113 N. Y. 337; *Smith* v. *Smith,* 154 App. Div. 313; *Haynes* v. *Sherman,* 117 N. Y. 433; *Garvey* v. *McDevitt,* 72 N. Y. 556; *Hagemeyer* v. *Saulpaugh,* 97 App. Div. 535; *Underwood* v. *Curtis,* 127 N. Y. 523; *Brown* v. *Quintard,* 177 N. Y. 75.) The test of the validity or invalidity of the suspension of the absolute ownership or power of alienation is to be

applied as of the time of the death of the testator and by what may result from the will thereafter, and not by actual conditions subsequently arising. (*Herzog* v. *Title Co.,* 177 N. Y. 86; *Matter of Silsby,* 229 N. Y. 396; *Matter of Horner,* 237 N. Y. 489; *Clark* v. *Cammann,* 160 N. Y. 315; *Matter of Wilcox,* 194 N. Y. 288; *Morton Co.* v. *Sands,* 122 App. Div. 691.) The trust created for the descendants of testator's daughter and the trusts for each of the groups of the next of kin of the nephews are inseparable as between the beneficiaries of said respective trusts. (*Vanderpoel* v. *Loew,* 112 N. Y. 167.) The void elements of the trusts cannot be excised from the portions which, if considered separately, might be regarded valid, and their exclusion would result in a chaotic disposition of the estate and thwart testator's intent. (*Central Co.* v. *Egleston,* 185 N. Y. 33; *Bailey* v. *Buffalo Co.,* 213 N. Y. 525; *Boal* v. *Met. Ins. Co.,* 298 Fed. Rep. 894; *Matter of Evans,* 234 N. Y. 46.) The primary purpose of the trusts attempted to be created by the 11th, 12th, 13th and 14th clauses of the will, being the unlawful accumulations of income, renders the trusts void. (*Thorn* v. *De Bretuil,* 179 N. Y. 64; *Harris* v. *Clark,* 7 N. Y. 242.) The trusts for the daughter and nephews are merely nominal and intended as a mere cover for attempted illegal accumulations and trusts, and are, therefore, void. (*Cochrane* v. *Schell,* 140 N. Y. 536.) The income of the trust funds illegally directed to be accumulated for the next of kin of deceased nephews cannot go to the persons presumptively entitled to the next eventual estate, there being no persons in existence at present who are even presumptively entitled to the next eventual estate, as it cannot be determined who will be the next of kin of the nephews until the death of the nephews. ( *United States Trust Co.* v. *Soher,* 178 N. Y. 442; *McGillis* v. *McGillis,* 154 N. Y. 541.)

*Guernsey B. Hubbard* for executor, respondent. It was the testator's intention that the corpus of the trust fund

established in paragraph 11th of his will should vest at
the death of his daughter and that the corpus of the
trust funds established in paragraphs 12th, 13th and
14th should vest at the deaths of the respective nephews
therein mentioned. (*Cammann* v. *Bailey*, 210 N. Y.
19; *Fulton Trust Company* v. *Phillips*, 218 N. Y. 573;
*Canfield* v. *Fallon*, 26 Misc. Rep. 345; *Matter of Hit-
chin*, 120 Misc. Rep. 586; *Hersee* v. *Simpson*, 154 N. Y.
496; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Warner.* v.
*Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 N. Y. 103;
*Bushnell* v. *Carpenter*, 92 N. Y. 270; *Vanderpoel* v. *Loew*,
112 N. Y. 167.) The trust created by the 11th, 12th,
13th and 14th paragraphs of the decedent's will, except
as to the provisions therein directing accumulations of
income are valid and legal testamentary dispositions.
(*Everitt* v. *Everitt*, 29 N. Y. 67; *Goebel* v. *Wolf*, 113 N. Y.
405; *Warner* v. *Durant*, 76 N. Y. 113; *Smith* v. *Edwards*,
88 N. Y. 103; *Warner* v. *Durant*, 76 N. Y. 136; *Fulton
Trust Company* v. *Phillips*, 218 N. Y. 582; *Quade* v.
*Bertsch*, 65 App. Div. 600.) No trusts have been created
under this decedent's will whereby absolute ownership of
personal property has been suspended for more than two
lives in being at the time of the testator's death. (*Bliven*
v. *Seymour*, 88 N. Y. 469; *Gilman* v. *Reddington*, 24
N. Y. 9; *Everitt* v. *Everitt*, 29 N. Y. 39; *Steinway* v.
*Steinway*, 163 N. Y. 183; *Clark* v. *Clark*, 23 Misc. Rep.
272; *Smith* v. *Edwards*, 88 N. Y. 92.) If the court finds
that the decedent intended to impose any duties with
respect to the various trust funds such as invest-
ing, collecting the income and paying the same over
after the deaths of the decedent's daughter and the
nephews with respect to the shares of such ultimate
donees as might be under twenty-five years of age and
until their arrival at such age, it should either authorize
the same to be performed as a power in trust. (*Matter
of Kellogg*, 187 N. Y. 355; *Post* v. *Hover*, 33 N. Y. 593;
*Downing* v. *Marshall*, 23 N. Y. 366; *Steinway* v. *Steinway*,

163 N. Y. 183; *Everitt* v. *Everitt,* 29 N. Y. 39; *Bliven* v. *Seymour,* 88 N. Y. 469; *Quade* v. *Bertsch,* 65 App. Div. 600.) If the decedent intended a trust extending beyond the deaths of his daughter and the nephews with respect to the shares of such ultimate donees as might be under twenty-five years of age and until their arrival at such age, such trusts may be eliminated from the will without destroying the whole will. (*Everitt* v. *Everitt,* 29 N. Y. 39; *Post* v. *Hover,* 33 N. Y. 593; *Beekman* v. *Bonsor,* 23 N. Y. 298; *Schey* v. *Schey,* 194 N. Y. 368; *Oxley* v. *Lane,* 35 N. Y. 340; *Tiers* v. *Tiers,* 98 N. Y. 568; *Smith* v. *Chesebrough,* 176 N. Y. 317; *Savage* v. *Burnam,* 17 N. Y. 561.) The directions for accumulation of income do not invalidate the gift or bequest of the principal from which it accrues. (*Tobin* v. *Graf,* 39 Misc. Rep. 412; *Garland* v. *Garland,* 35 Misc. Rep. 147; *Williams* v. *Williams,* 8 N. Y. 525; *Kilpatrick* v. *Johnson,* 15 N. Y. 322; *Manice* v. *Manice,* 43 N. Y. 303; *Pray* v. *Hegeman,* 92 N. Y. 508; *Barbour* v. *DeForrest,* 95 N. Y. 13; *Cochrane* v. *Schell,* 140 N. Y. 516; *Hascall* v. *King,* 162 N. Y. 134.) The income directed to be accumulated in paragraphs 11th, 12th, 13th and 14th should be paid to the persons presumptively entitled to the next eventual estate. (*Matter of Harteau,* 204 N. Y. 292; *Mills* v. *Husson,* 140 N. Y. 99; *Delafield* v. *Shipment,* 103 N. Y. 463; *Cook* v. *Lowry,* 95 N. Y. 103; *Manice* v. *Manice,* 43 N. Y. 303; *U. S. Trust Co.* v. *Soher,* 178 N. Y. 442; *Cochrane* v. *Schell,* 140 N. Y. 516; *Williams* v. *Williams,* 8 N. Y. 525; *St. John* v. *Andrews Institute for Girls,* 191 N. Y. 254; *Kilpatrick* v. *Johnson,* 15 N. Y. 322; *Pray* v. *Hegeman,* 92 N. Y. 13.)

*John C. Wheeler* for Anna J. Bailey et al., respondents. The court is in duty bound to reject a construction which would result in failure of the trusts, and in intestacy as to the bulk of the estate, if any fair and reasonable interpretation of testator's language enables it to save

his dispositions and give his will effect. (*Vanderpoel* v. *Loew*,' 112 N. Y. 167; *Schult* v. *Moll*, 132 N. Y. 122; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573.) The directions for the accumulation of income as contained in paragraphs " eleventh," " twelfth," " thirteenth " and " fourteenth " of the will are void, although the respective trusts created thereby are valid. (*Tobin* v. *Graf*, 39 Misc. Rep. 412; *Garland* v. *Garland*, 35 Misc. Rep. 147; *Matter of Roos*, 4 Misc. Rep. 232; *Garvey* v. *Union Trust Co.*, 29 App. Div. 513; *Matter of Alexander*, 186 N. Y. Supp. 242; *Kilpatrick* v. *Johnson*, 15 N. Y. 322; *Williams* v. *Williams*, 8 N. Y. 538; *Crawford* v. *Dexter*, 178 App. Div. 764; *Manice* v. *Manice*, 43 N. Y. 303; *Hascall* v. *King*, 162 N. Y. 134; *Cochrane* v. *Schell*, 140 N. Y. 516: *Dodge* v. *Pond*, 23 N. Y. 69.) Those who presumptively will be entitled to receive the income when the period of accumulation ends, are entitled to anticipate the event which is to terminate the accumulation, and to take at once the income which is unlawfully directed to be accumulated. (*Matter of Harteau*, 204 N. Y. 292; *Mills* v. *Husson*, 140 N. Y. 99; *Delafield* v. *Shipment*, 103 N. Y. 463; *Matter of Kohler*, 231 N. Y. 353; *Ossman* v. *Van Roemer*, 221 N. Y. 381; *Matter of Segura*, 110 Misc. Rep. 624; *Crawford* v. *Dexter*, 178 App. Div. 764; *Matter of Sayre*, 178 App. Div. 269; *St. Johns* v. *Andrews Institute for Girls*, 191 N. Y. 254; *Matter of Ryder*, 43 Misc. Rep. 476.) The provisions of the trusts contained in paragraphs " eleventh," " twelfth," " thirteenth " and " fourteenth " of the will do not unlawfully suspend the absolute ownership of personal property. Upon the death of testator's daughter, her descendants take a vested interest in the corpus of her trust, and upon the death of each of the three nephews, his respective next of kin take a vested interest in the corpus of his trust, the time of payment being postponed until the descendants of the daughter and the next of kin of the nephews arrive at the age of twenty-five years. (*Quade* v. *Bertsch*, 65 App. Div. 600;

*Goebel* v. *Wolf*, 113 N. Y. 405; *Everitt* v. *Everitt*, 29 N. Y. 39; *Schell* v. *Carpenter*, 50 Misc. Rep. 400; 116 App. Div. 914; 190 N. Y. 552; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Fulton Trust Company* v. *Phillips*, 218 N. Y. 573; *Steinway* v. *Steinway*, 163 N. Y. 200; *Fargo* v. *Squires*, 6 App. Div. 465; *Embury* v. *Sheldon*, 68 N. Y. 227; *Van Camp* v. *Fowler*, 59 Hun, 311.) The trusts created in the four paragraphs of the will were for the benefit of the daughter and the nephews respectively, and under the language used ceased and terminated at the respective deaths of the daughter and nephews, and that thereafter until the respective descendants and next of kin arrive at the age of twenty-five, the executor is not to be vested with the legal estate, but has a mere imperative power which does not suspend the absolute ownership of the property. (*Tiers* v. *Tiers*, 98 N. Y. 568; *Bliven* v. *Seymour*, 88 N. Y. 469; *Smith* v. *Edwards*, 88 N. Y. 92; *Tucker* v. *Bishop*, 16 N. Y. 402; *Quade* v. *Bertsch*, 65 App. Div. 600; 173 N. Y. 615; *Matteson* v. *Armstrong*, 11 Hun, 245; *Dupre* v. *Thompson*, 8 Barb. 537; *Burrill* v. *Sheil*, 2 Barb. 457; *Bascom* v. *Weed*, 53 Misc. Rep. 496; *Franklin* v. *Minertzhagen*, 39 App. Div. 555; *Robert* v. *Corning*, 89 N. Y. 225; *Matter of Charliear*, 22 App. Div. 71; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Steinway* v. *Steinway*, 163 N. Y. 183.) The intent of the testator disclosed in the will is that the remainder in each trust should vest in the descendants and next of kin immediately upon the respective deaths of the daughter and nephews, and the interests thus vested were tenancies in common and were descendible, devisable and alienable, in the same manner as estates in possession and hence the absolute ownership was not suspended for more than one life in being at the death of the testator. (*Roosa* v. *Harrington*, 171 N. Y. 341; *Brooklyn Trust Co.* v. *Phillips*, 134 App. Div. 697; 201 N. Y. 561; *Hersee* v. *Simpson*, 154 N. Y. 496; *Goebel* v. *Wolf*, 113 N. Y. 413; *Fox* v. *Fox*, 19 Eq. Cases, 298; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Warner*

v. *Durant,* 76 N. Y. 133; *Matter of Talbot,* 212 N. Y. Supp. 506.) Even if the court should decide that testator intended to impose active trust duties which were to continue after the death of the first life tenants and until the ultimate donees arrive at the age of twenty-five, thereby unduly suspending the absolute ownership, nevertheless such void intermediate trusts are separable and may be expunged without destroying the general scheme and purpose of the will. (*Van Vechten v. Van Vechten,* 8 Paige, 105; *Harrison v. Harrison,* 36 N. Y. 543; *Kalish v. Kalish,* 166 N. Y. 368; *Carrier v. Carrier,* 226 N. Y. 114; *Matter of Horner,* 237 N. Y. 489; *Everitt v. Everitt,* 29 N. Y. 39; *Smith v. Edwards,* 88 N. Y. 92; *Oxley v. Lane,* 35 N. Y. 340; *Matter of Berry,* 154 App. Div. 509; 209 N. Y. 540; *Matter of Hitchcock,* 22 N. Y. 57; *Matter of Central Union Trust Company,* 193 App. Div. 292.)

*Charles L. Crane* for Margaret E. Johnson, respondent. The directions for accumulations of income in paragraph 11th are void. (Pers. Prop. Law, § 16; Real Prop. Law, § 61; *Phelps v. Pond,* 23 N. Y. 89; *Greerland v. Waddell,* 116 N. Y. 234.) The illegal directions for accumulations of income do not of themselves invalidate the trust. (*Kilpatrick v. Johnson,* 15 N. Y. 322; *Tobin v. Graf,* 39 Misc. Rep. 412; *Matter of Alexander,* 186 N. Y. Supp. 242.) The interest of the infant daughter of testator's daughter in the estate under the 11th clause of his will is vested. (*Cammann v. Bailey,* 210 N. Y. 19; *Connelly v. O'Brien,* 166 N. Y. 406; *Matter of Morris,* 9 App. Div. 602; *Fulton Trust Co. v. Phillips,* 218 N. Y. 573; *Matter of Crossman,* 113 N. Y. 503; *Dimmick v. Patterson,* 142 N. Y. 322; *Clark v. Clark,* 23 Misc. Rep. 272; *Matter of Kessler v. Fride,* 29 Misc. Rep. 187; *Hayden v. Sugden,* 48 Misc. Rep. 108; *Bank of New York v. Handealey,* 121 Misc. Rep. 730; *Matter of Valentine,* 119 Misc. Rep. 442.) The provisions of paragraph 11th in regard to accumulations might be construed as

legal if we find they are to be made for the benefit of the granddaughter, an infant in being at the death of the testator, until said infant becomes twenty-one years of age. (*Matter of Rogers*, 22 App. Div. 428; *Matter of Kilpatrick*, 15 N. Y. 322; *Matter of Wagner*, 81 App. Div. 163; *Matter of Lehman*, 2 App. Div. 351.) The income illegally directed to be accumulated in paragraph 11th should be paid to the person presumptively entitled to the next eventual estate. (*Mills* v. *Husson*, 140 N. Y. 99; *Manice* v. *Manice*, 43 N. Y. 303; *Matter of Harteau*, 204 N. Y. 292; *Cochrane* v. *Schell*, 140 N. Y. 516; *Kilpatrick* v. *Johnson*, 15 N. Y. 322; *U. S. Trust Co.* v. *Soher*, 88 App. Div. 506.) If necessary to sustain the will, the alternative and secondary disposition at the death of the daughter, to the next of kin, should be deleted. (*Matter of Wilcox*, 194 N. Y. 288; *Bailey* v. *Buffalo L. T. & S. D. Co.*, 213 N. Y. 525; *Herzog* v. *Title Guaranty & Trust Co.*, 177 N. Y. 86; *Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Schelereth* v. *Schelereth*, 173 N. Y. 444.)

*Herbert A. Heminway* for Virginia J. Bailey et al., respondents. The provisions for the accumulation of income in paragraphs 13th and 14th of the will are void. (Pers. Prop. Law, § 16; *Tobin* v. *Graf*, 39 Misc. Rep. 412; *Garland* v. *Garland*, 35 Misc. Rep. 147; *Matter of Roos*, 4 Misc. Rep. 232; *Garvey* v. *Union Trust Company*, 29 App. Div. 513; *St. John* v. *Andrews Institute for Girls*, 191 N. Y. 254; *Koch* v. *Semken*, 58 Misc. Rep. 90; Real Prop. Law, § 63; *Matter of Alexander*, 186 N. Y. Supp. 242.) The absolute ownership of property is not unlawfully suspended by paragraphs 13th and 14th of the will. (*Quade* v. *Bertsch*, 65 App. Div. 600; 173 N. Y. 615; *Goebel* v. *Wolf*, 113 N. Y. 405; *Everitt* v. *Everitt*, 29 N. Y. 39; *Schell* v. *Carpenter*, 50 Misc. Rep. 400; 116 App. Div. 914; 190 N. Y. 552; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Fulton Trust Company* v. *Phillips*, 218 N. Y. 573; *Steinway* v. *Steinway*, 163

N. Y. 183; *Fargo* v. *Squiers*, 154 N. Y. 250; *Embury* v. *Sheldon*, 68 N. Y. 227; *Van Camp* v. *Fowler*, 59 Hun, 311; *Canfield* v. *Fallon*, 43 App. Div. 561; 161 N. Y. 623.) Even if paragraphs 13th and 14th of the will did create trusts for twenty-five years those paragraphs would not be void but the illegal portions should be eliminated and the others sustained as valid. (*Reeder* v. *Antrim*, 110 N. E. Rep. 568; *Guaranty Trust Company of New York* v. *Goetting*, 185 N. Y. Supp. 663; *Matter of Berry*, 154 App. Div. 509; *Kalish* v. *Kalish*, 166 N. Y. 368; *Brinkeroff*, v. *Seabury*, 137 App. Div. 916; 201 N. Y. 559; *Smith* v. *Cheesbrough*, 176 N. Y. 317; *Tiers* v. *Tiers*, 98 N. Y. 568; *Haynes* v. *Sherman*, 117 N. Y. 433; *Davis* v. *Mac-Mahon*, 161 App. Div. 458; *Matter of Hitchcock*, 222 N. Y. 57; *Matter of Trevor*, 239 N. Y. 6.)

CRANE, J.     Thomas H. Chittick died on December 3, 1922, leaving a last will and testament which has become the subject of this litigation. His relatives, so far as named in this will, are an adopted daughter, Margaret Chittick Johnson; three nephews, Thomas H. Bailey, William E. Bailey and Eugene J. Bailey, children of his sister, Anna J. Bailey.

Paragraphs 11, 12, 13, 14 have been challenged as suspending the power of disposition or of alienation beyond the time allowed by the statute. Accumulations directed by the will are conceded to be illegal. The provisions of the will referred to are as follows:

*" Eleventh*

" I give and bequeath to the executor one-half of my personal property, remaining after paying said expenses and legacies, including property not so converted into personal in trust for the following purposes: At the marriage of my daughter, Margaret E. Chittick to pay to her from the principal thereof One Thousand ($1000.00) Dollars. From the income from the said one-half of my estate pay to the said daughter, Margaret E. Chittick

Six Hundred ($600.00) Dollars, annually during her life time; or at the discretion of the executor, he may pay to the said Margaret E. Chittick the sum of Three Hundred ($300.00) Dollars, semi-annually. Accumulate the residue of the income, hold and invest the same as part of the principal until the death of my daughter. At the death of my daughter pay over the principal with the accumulation, if any, to her lawful descendants, per stripe (sic) at the time each shall arrive at the age of twenty-five years. And if she have no lawful descendants, to the person or persons then living who would be my next of kin in case I died at the time of her death, in the same proportions such person or persons would take as my next of kin under the laws of the State of New York. In case of the death of my said daughter before her children as such become of the age of twenty-five years, then such of her children as shall not have arrived at the age of twenty-five years shall receive Six Hundred ($600.00) Dollars, annually, to be divided between them. If any of my daughter's children are infants at the time of her death, then that infant's share shall be paid to a guardian for the said infant's benefit.

" *Twelfth*

" I give and bequeath to the said executor one-sixth of my personal property, remaining after paying said expenses and specific legacies, including property not so converted into personal, in trust for the following purposes: From the income therefrom to pay my nephew, Thomas Bailey, One Hundred ($100.00) Dollars annually during his lifetime. Accumulate the residue of the income and hold and invest the same as part of the principal until the death of my said nephew. At the death of my said nephew, pay over the principal, and accumulations, if any, to the next of kin of the said nephew when they arrive at the age of twenty-five years, in the same proportion they would inherit property from him under the laws of the State of New York."

The 13th and 14th paragraphs make similar provision for the other nephews. The surrogate, with slight modification by the Appellate Division, which is not vital or material, decided:

(1) That the trust in paragraph 11th of the will is valid.

(2) That the provision for accumulation is contrary to law and void.

(3) That the income above that given to the testator's daughter Margaret should be paid to the one having the next eventual estate, in this case, Margaret's daughter, Margaret Elizabeth Johnson, who was alive and in being at the death of the testator.

(4) That in the event that Margaret Elizabeth should die, and there should be no lineal descendants of the testator's daughter, Margaret Chittick, then the income should be payable to the next of kin of Thomas H. Chittick, determined in accordance with the provisions of his will.

(5) That in case Margaret Chittick Johnson died before her children became twenty-five years of age, the income should be payable *pro rata* to the guardians of her infants until they became twenty-one, and to the children thereafter.

(6) As to the principal of the trust fund, it was the intent of the testator that the trust should cease at the death of his daughter, and that the principal should go to her children, payment only being deferred until they became twenty-five years of age. The surrogate said that the executor held the principal under an implied trust; the Appellate Division copying the words of *Steinway* v. *Steinway* (163 N. Y. 183) said that he had " an administrative title."

(7) That if Margaret Chittick Johnson died with no lawful descendant, then the trust terminated and the principal was payable to the next of kin of the testator, determined according to the provisions of his will.

In similar fashion, the surrogate construed paragraphs 12, 13 and 14 relating to the gifts to the nephews.

Because of a direction in paragraph second of the will to turn all the real property into personalty, the estate left by the testator has been dealt with below and by the counsel as personal property.

The question of accumulation is out of the case, as all sides have agreed to the disposition below that the provisions for accumulation are void.

This will as fairly construed violates section 11 of the Personal Property Law (Cons. Laws, ch. 41), which says that the absolute ownership of personal property shall not be suspended by any limitation or condition for a longer period than during the continuance and until the termination of not more than two lives in being at the death of the testator.   Chittick in making his will had in mind accumulation up to an age of twenty-five for the legatees.   He was a layman, and apparently unfamiliar with the law regarding accumulations or the suspension of the power of alienation.   He creates a trust in paragraph eleven to pay Margaret E. Chittick, his daughter, $600 annually, and to accumulate the balance of the income.   The courts below have taken out this accumulation provision, as it is void, and have given the income over the $600 to the testator's granddaughter, having the next eventual estate.

At the death of the daughter, the testator directs his executor to pay over the principal to the daughter's lawful descendants at the time each shall arrive at the age of twenty-five years.   The daughter, at the time of the testator's death, had one child living, Margaret Elizabeth Johnson.   If she were the only child to be born to the daughter, and mentioned in the will, there would be no difficulty.   If the daughter should die now, the income could be accumulated by the executor for the granddaughter until she was twenty-one (Personal Property Law, sect. 16), and thereafter paid to her until she was twenty-five, when she would receive the principal.   If the trust should continue until the daughter

was twenty-five years of age, paying her the income until that time, the principal with power of disposition would only be suspended for two lives in being at the death of the testator, his daughter and the granddaughter living at his death.

The difficulty arises over the attempt of the testator to make provision for all the children of his daughter, including those who may subsequently be born, and not in being at the time of his death. If the daughter should die and the granddaughter should die, and then the disposition of the principal should be suspended for twenty-five years during the life of a grandchild born after the death of the testator, here we would have the power of alienation, or the suspension of disposition for more than the two lives in being — the two lives having gone out, the power of disposition would be suspended until the child or children born after the testator's death arrive at twenty-five.

We, therefore, must hold that the trust for the daughter is good, but otherwise void. It seems to have been the intent of the testator to continue the trust through the twenty-five-year period.

The courts below, however, have said that when the daughter died, then the trust ended. If she had five children surviving her, they took a vested equal interest in the principal; that it was simply the payment to them that was suspended until they arrived at twenty-five years of age; that they could dispose of this principal by willing it away or assigning it to any one they pleased. If the power of disposition be suspended, then it is conceded that the statute is violated. It has been said that money like this may be given to a legatee so as to pass title, and also the power of disposition, although payment of the amount may be postponed, citing *Bliven* v. *Seymour* (88 N. Y. 469, 478); *Quade* v. *Bertsch* (65 App. Div. 600; affd., 173 N. Y. 615); *Vanderpoel* v. *Loew* (112 N. Y. 167, 180). Such cases, however, reach the limit of construc-

tion. The intent in this case is not only to postpone payment but also to suspend the absolute ownership in the interval.

The courts have gone quite far to avoid the consequences of applying these provisions of the Personal Property and Real Property Laws (Cons. Laws, chaps. 41 and 50). What we have said in one case cannot be strictly applied to another where from the wording of the will and the family surroundings the intent is apparently different. Our statutes must be applied to the facts as they are. I think that taking into consideration the provisions for accumulation with no attempt to pay over the income until the principal was to be paid at twenty-five years of age, the testator intended to and did create a trust for this purpose; that the provisions of paragraph eleven of the will are all one trust; that when the daughter died, he intended to continue the trust for her children until they arrived at twenty-five years of age. Such continuation was void.

The trusts following those for his named nephews were also void and the principal — remainder — is payable on the death of each said nephew to his next-of kin. (*Kalish* v. *Kalish*, 166 N. Y. 368.)

The order appealed from should be modified by adjudging that the trust following that for the testator's daughter, Margaret E. Chittick (Johnson) is invalid, and the remainder or principal at the death of the said daughter is payable to her descendants, or, if none, to the testator's next of kin as provided in his will and as so modified affirmed, with costs to appellant payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Ordered accordingly.