In the Matter of the Estate of BERNARD J. FARRELL, Deceased.

Surrogate's Court, Bronx County, July 30, 1930.

*Thomas A. McGrath*, for the proponents.

*McLaughlin, Levin & Spallone*, for Josephine Fitzpatrick.

*Henry Lichtig*, special guardian.

HENDERSON, S.    In the proceeding to probate decedent's will the petitioner asks for a construction of the following paragraph thereof:

" *Fifth.* All the rest and residue of my estate, both real and

personal, or which I may have the power to dispose of at my death, I divide into two (2) equal parts and give both parts to the Irving Trust Company and Leo B. Farrell to hold one (1) part in trust for the benefit of my son Leo B. Farrell and to invest and re-invest the same and pay the rent, income and profits therefrom to my son Leo B. Farrell or his use during the term of his natural life in quarterly installments, and upon his death to divide the principal of said trust into as many parts as he shall have children surviving him and to pay the income of each such share to such child or for his or her use until said child shall arrive at the age of thirty (30) years when the entire principal sum shall be payable to said child. Should any such child of Leo B. Farrell die without leaving issue before the age of thirty (30) years, the principal of that child's trust shall be payable to such other children of Leo B. Farrell and if there are none, then the same shall be divided equally between all my surviving grandchildren. If Leo B. Farrell die without leaving issue, the principal sum of the trust fund created for his benefit shall be divided equally between Ursula Farrell and Josephine Fitzpatrick, my daughters, and if either one be dead to their children surviving them. I direct that should Leo B. Farrell die without issue any part of said trust fund created for his benefit which shall pass to Ursula Farrell shall become a part of the trust fund created for her benefit hereinafter, but should said Ursula die under such conditions that one or more trusts shall be created under the remainder interest so much as represents the principal received from Leo's trust shall be subject to outright distribution.

" The Irving Trust Company and Leo B. Farrell are to hold the other one (1) part in trust for the benefit of my daughter Usula Farrell, and to invest and re-invest the same and pay the rent, income and profits therefrom to my daughter Ursula Farrell or her use during the term of her natural life in quarterly installments, and upon her death to divide the principal of said trust into as many parts as she shall have children surviving her and to pay the income of each such share, to such child for his or her use until said child shall arrive at the age of thirty (30) years when the entire principal sum shall be payable to said child. Should any such child of Ursula Farrell die without leaving issue before the age of thirty (30) years, the principal of that child's trust shall be payable to such other children of Ursula Farrell, and if there are none, then the same shall be divided equally between all my surviving grandchildren. If Ursula Farrell die without leaving issue, the principal sum of the trust fund created for her benefit will be paid equally to Leo B. Farrell, and Josephine Fitzpatrick, my daughter, and if either one be dead to their children surviving them."

In the 3d paragraph the decedent bequeaths one share of stock in the Fordhof Realty Co., Inc., to his said daughter, Josephine Fitzpatrick, to whom he again refers in the following paragraph:

"*Eighth.* I make no provision other than as above set forth for my daughter Josephine Fitzpatrick as I feel that she is well endowed with this world's goods and she is so well situated owing to my co-operation and advice in the making of many investments which she has made. I further state that no other provision is made upon the express request of Josephine Fitzpatrick, asking me to do something for the other children, as she was well satisfied with her own position."

The decedent left no real estate and was survived by his said three children, by Elizabeth Fitzpatrick, a daughter of the said Josephine Fitzpatrick, and by Joan Catherine Farrell, a daughter of the said Leo B. Farrell. Ursula Farrell has no issue.

The intention of the decedent as expressed in his will is that his daughter Ursula shall receive the income from half of his residuary estate until her death and his son receive the income on the other half until his death; that half of his residuary estate shall eventually be distributed among the children of his daughter Ursula and half among the children of his son; and that Josephine, another daughter, take no share in the residuary unless one or both of his other children die without leaving issue. His will, however, attempts to carry out this intention through the means of trusts which may suspend the power of alienation for more than two lives in being at his death, by the possible birth, after his death, of other grandchildren whom he did not intend to exclude from sharing in the remainders. The trust for the living grandchild cannot be separated from the rest and held to be good. All these attempted trusts for the grandchildren are, therefore, void (*Matter of Chittick*, 243 N. Y. 304, 318; *Matter of Durand*, 250 id. 45, 51), and so much of decedent's intention cannot be given effect.

The trusts for the son and daughter, however, are valid, and may be given effect by disregarding the portions of the will attempting to create the illegal trusts of the remainders. (*Matter of Horner*, 237 N. Y. 489; *Matter of Trevor*, 239 id. 6.)

Although the testator could have legally provided for the distribution among his grandchildren who survived their respective parents, by absolute gifts of the remainders, he did not so make his will. He evidently did not wish to do so, for he expressly kept the principal from them until they respectively reached the age of thirty years. The remainders cannot be accelerated, for the number and identity of all who might take them, had the trusts been legal, are now unknown and unascertainable. As no valid disposition

of the remainders was made in the will, and the valid trusts include all the residuary estate, the remainders must be disposed of as if there had been no will. (*Matter of Chittick, supra; Matter of Durand, supra.*)

I, therefore, hold that the will creates a valid trust of one-half of the residuary estate for the life of Leo B. Farrell, to whom the income thereof is payable during his life, and another valid trust of the other half of the residuary estate for the life of Ursula Farrell, to whom the income thereof is payable during her life; that the testator died intestate as to the remainders of both trusts, and that such remainders are now vested in his next of kin.

Settle decree accordingly.