[1] Reported in 253 N.W. 365.
The appeal is from the judgment and decree settling and allowing the final account of the executor. The particular part of the decree attacked is that confirming the payment of $159,000 by the executor to the trustee as part of the trust created under the sixth paragraph of the will of the decedent. Appellant claims the sixth paragraph of the will to be void. The paragraph reads:
"Sixth: I give, devise and bequeath to the Mankato Loan and Trust Company, of Mankato, Minnesota, the sum of two hundred thousand dollars, in trust for the following purposes, to-wit: To hold and invest said money in safe securities and to pay the interest or income received therefrom each year to my daughter, Margaret Sherk Elwell, for and during her natural life, such interest and income to be paid to my daughter by my executor as promptly as possible, either semi-annually, or annually, as such interest may be received by said trustee, and upon the death of my said daughter, Margaret Sherk Elwell, I direct my executor to distribute said fund of two hundred thousand dollars as follows: In equal shares to the offspring of my said daughter, Margaret Sherk Elwell, one-half of the share of each offspring to be paid to him or her when he or she arrives at the age of twenty-five years, and the other half to be paid to him or her when he or she arrives at the age of thirty-five years. In case, however, no offspring of my said daughter be living at the time of such distribution, then and in that event one-half of said fund shall be distributed in equal shares to my said five nieces, Edith Tidland, Laura Knutson, Marietta Ewing, Grace Stricker and Esther C. Wyer, the children of any of my said nieces who may then be dead to receive the share of such deceased niece, as she would have received if living, but in the event that any of my said nieces shall at such time of distribution have died, leaving no issue, then the share of such deceased niece or nieces shall be distributed *Page 145 
to such of my said nieces and their offspring as may then be living. The other half of said fund shall be paid to the First Presbyterian Church of Mankato. * * * All taxes, which may be assessed against the property given by this paragraph 'sixth' of my will, shall be paid out of the income of said trust fund herein mentioned or out of the fund hereby given in trust."
The testator by this will created a trust of personal property the income of which, less taxes thereon, is to go to his daughter, his only child, for life. This is a trust authorized by 2 Mason Minn. St. 1927, § 8090(6), reading:
"For the beneficial interests of any person or persons, whether such trust embraces real or personal property or both, where the trust is fully expressed and clearly defined on the face of the instrument creating it: Provided, that the trust shall not continue for a period longer than the life or lives of specified persons in being at the time of its creation, and for twenty-one years after the death of the survivor of them, and that the free alienation of the legal estate by the trustee is not suspended for a period exceeding the limit prescribed in chapter 59."
Appellant, the daughter, claims that since she is the residuary legatee and the trust in behalf of her offspring is void, the fund should be decreed to her, and hence the court erred in approving the account of the executor which placed the fund, now $159,000, in the hands of the trustee pursuant to the sixth paragraph of the will. The contention is, in short, that since the remainder, after the life estate or interest of the daughter, is not to go to her offspring until he or she attains the specified age, therefore between the death of the daughter and the time fixed for the offspring to take there may be an illegal suspension of the power of alienation. It is said that there may be an offspring of the daughter so young when the daughter dies that more than 21 years must expire before the share would be payable. If the will must be construed to not vest the remainder in the offspring until the age specified for the payment, appellant is right. Taylor v. Crosson, 11 Del. Ch. 145,98 A. 375; Loud v. St. Louis U. T. Co. 298 Mo. 148,249 S.W. 629. *Page 146 
The main object in construing a will is to ascertain the intention of the testator. Not only the language used in a particular part of the will involved but the whole instrument and the situation of the testator at the time the will is made should be considered. Testator was a man of some wealth, 71 years old, when he made the will. He died about two years thereafter on October 26, 1929. He was a widower, and his only child was his daughter, 31 years old at the time of his death. This daughter had four children, the oldest eight years of age and the youngest three years. He had considerable real estate, which was directed to be sold subject to his daughter's approval, but the disposition was left so indefinite that it has been decreed to the daughter, and no complaint is made thereof. It is plain that by the sixth paragraph of the will above quoted testator established the trust fund primarily for his young grandchildren and their mother, his only child, thecorpus or fund for the children, and the income therefrom to their mother for life. There is no contingency to her children obtaining this fund except the death of all prior to the mother. In the event that no offspring survives his daughter the fund is to go to testator's nieces and his church. There can be no doubt of his intention to vest the whole trust fund in the grandchildren upon the daughter's death. That event disposes of the trust fund. It goes either to his daughter's offspring or to his nieces and his church. If any of her offspring then exists, he or she obtains a vested indefeasible interest in that fund. The contingent remainder of testator's nieces and his church is then gone forever. The language of the will is:
"and upon the death of my said daughter, Margaret Sherk Elwell, I direct my executor to distribute said fund of two hundred thousand dollars as follows: In equal shares to the offspring of my said daughter * * *."
At that moment every member who is to share is ascertainable, and the share of each may then be allocated to him or her. The individual, however, is not to have possession or enjoyment thereof until attaining a specified age. This construction appears to conform exactly to a rule stated in Savela v. Erickson, 138 Minn. 93, 97, 163 N.W. 1029, 1031, if the last nine words thereof are omitted: *Page 147 
"Where a gift is to a class, as children or grandchildren, and the right of enjoyment is postponed beyond the time that the gift vests in right, and until the termination of a preceding estate, the members of the class entitled to take will be ascertained as of the time when the intervening estate is determined and the gift to the class vests in enjoyment."
In that case the last nine words were applicable; not so here, where the vesting in right to the members of the class occurs upon the death of testator's daughter; but the enjoyment is postponed as to each individual until he or she attains specified ages. The time of possession and enjoyment must be regarded as a matter of secondary importance to testator. His main purpose was that his grandchildren, if any there were when his daughter died, should have the fund. There is nothing contrary to so interpreting this will in what is said in In re Trust under Will of Bell, 147 Minn. 62, 179 N.W. 650, 652. There a trust of the residue of testator's property, after specific legacies, was for the benefit of his children, they to have the income until the youngest child attained the age of 30 years, when half of the fund was to be distributed to the children and the other half when the youngest child attained 40 years of age. It is to be noted that the event was there set for the vesting of each moiety of the trust fund to the children when the youngest attained a certain age. In the instant case the event fixed is the daughter's, the life tenant's, death. There the court had before it only the disposition of the income; but, even as to the gift of that trust fund, it might be said that [147 Minn. 68] "time is annexed to the substance of the gift as a condition precedent. In such cases the general rule is that the legacy does not vest until the time for payment arrives." Here no reason appears why the vesting in interest in the trust fund is not to occur at the time of the daughter's death. If so, there can be no possible doubt of the validity of the trust under said § 8090(6), above quoted. When such a construction of the will may be adopted, no effort should be made to look for one that might invalidate the paragraph here involved.
"In construing a will, the intention of the testator, expressed therein, must prevail, if it be consistent with law. If the language *Page 148 
of the will be reasonably susceptible of two constructions, one of which would invalidate the will and the other sustain it, the latter construction must be adopted." Rong v. Haller,109 Minn. 191, 198, 123 N.W. 471, 472, 806, 26 L.R.A.(N.S.) 825.
We have not overlooked other rules in aid of a proper construction of this will, referred to in our decisions other than those already called attention to. It is enough merely to cite In re Swenson's Estate, 55 Minn. 300, 56 N.W. 1115; Fox v. Hicks, 81 Minn. 197, 83 N.W. 538, 50 L.R.A. 663; Brookhouse v. Pray, 92 Minn. 448, 100 N.W. 235; Johrden v. Pond, 126 Minn. 247, 148 N.W. 112; Buck v. Huntley, 151 Minn. 446,187 N.W. 411. We also cite Crapo v. Price, 190 Mass. 317,76 N.E. 1043, which concisely states many of these rules. But there the trust was not to testatrix's descendants, while here testator's grandchildren are the beneficiaries. So this from Gibbens v. Gibbens, 140 Mass. 102, 104, 3 N.E. 1, 2,54 Am. R. 453, is in point:
"We are of the opinion, on the whole, that the case falls within the general rule, that a vested remainder will be held to have been intended, in the case of a devise to the testator's children, unless there is something sufficient to show the contrary."
But when all pertinent rules are considered, and we have been overwhelmed in the learned brief of appellant's counsel with cases referring to them, this observation from In re Trust under Will of Bell, 147 Minn. 62, 68., 179 N.W. 650, is pertinent to such rules:
"To apply all of them would reduce testator's will to a combination of hopelessly inconsistent clauses, one destroying the effect of another. A will should not be approached with the mind fixed on canons of construction. They are merely aids to the court in resolving doubts arising from obscurity in the language of the will. To read a will with an eye upon decisions in cases involving other wills may suggest doubts and obscurities where none would otherwise have appeared."
We are not concerned now with the efficacy of the direction to postpone the enjoyment after the interest of the grandchildren to *Page 149 
the fund has vested. The courts may for good reason respect the direction as between the beneficiary and the trustee. Deladson v. Crawford, 93 Conn. 402, 106 A. 326; Claflin v. Claflin,149 Mass. 19, 20 N.E. 454, 3 L.R.A. 370, 14 A.S.R. 393; Young v. Snow, 167 Mass. 287, 45 N.E. 686. At least it is the privilege of the beneficiaries to respect testator's direction to postpone the enjoyment. Courts also entertain applications to terminate the trust and grant immediate possession where cause exists. Edgerly v. Barker, 66 N.H. 434, 31 A. 900,28 L.R.A. 328. Here that time has not arrived. And where the right and interest has vested in the beneficiary on becoming of age, he may assign or dispose of such interest by will or otherwise, even though possession and enjoyment be postponed.
So much reliance is placed by appellant upon four cases that some space should be given them here. Taylor v. Crosson,11 Del. Ch. 145, 98 A. 375, was where the will provided that the trust should continue until the daughter's youngest child becomes 25 years of age, at which time the principal was to be divided; and the court construed this as intended not to vest the interest in the grandchildren until the time specified, which might be for a longer period than lives in being at the time of testator's death and 21 years. In Gillen v. Hadley,106 N.J. Eq. 286, 150 A. 779, it was thought from testator's language that a deliberate attempt was shown to prevent the vesting of the remainder until the youngest grandchild should reach the age of 25 years — a limitation similar to the one held fatal in Taylor v. Crosson, 11 Del. Ch. 145, 98 A. 375. In Loud v. St. Louis U. T. Co. 398 Mo. 148, 249 S.W. 629, 635, the will contained this provision, which properly was held to control the vesting of the interest in the trust fund:
"No right or title to said income or other provision for any such beneficiary shall vest in him or her until the same shall have been actually paid into his or her hands."
In the decision attention is called to cases where the will was construed as vesting the interest of the remainderman upon the death of the testator (Deacon v. St. Louis U. T. Co.271 Mo. 669, *Page 150 197 S.W. 261), there being nothing in the will to the contrary except the provision that the stocks placed in trust should not be distributed for 30 years after her death. In In re Chittick's Will, 243 N.Y. 304, 315, 153 N.E. 83, there was a specific direction for accumulation of the income of the trust, after paying testator's daughter $600 yearly, until her death, and then to "pay over the principal with the accumulation, if any, to her lawful descendants, per stripe (sic) at the time each shall arrive at the age of twenty-five years." Because of the accumulation feature the court said [243 N.Y. 319]:
"The intent in this case is not only to postpone payment but also to suspend the absolute ownership in the interval."
In the opinion, however, the court cited Bliven v. Seymour,88 N.Y. 469, and other cases, where an intent was found to vest an interest in the trust prior to the time set for payment, and hence the postponement did not vitiate the gift.
Here also appellant contends that there is an attempt at illegal accumulation of income after the death of testator's daughter. There is no direction to do so, but it is claimed such direction is to be implied. An intention to provide for an illegal accumulation ought not to be implied. On the contrary, finding an intention to vest the trust fund in the grandchildren upon the death of the daughter, we can readily conclude that testator intended the income which annually went to the daughter during her life should annually thereafter be paid to the grandchildren until they received their share of the fund itself.
In our opinion the trust created under the sixth paragraph of the will is valid.
The decree is affirmed. *Page 151