In the Matter of the Petition of Effie M. McNary for a Determination as to the Validity, Construction and Effect of the Disposition of Property Contained in the Last Will and Testament of James E. Weaver, Deceased.

Effie M. McNary, Petitioner, Appellant; Carrie Hermance Weaver, Augustus J. McNary, Margaret L. Agar, Grace Riesenberger, Dickinson Courtney, Jr., National Commercial Bank and Trust Company of Albany, as Executor of and Trustee under the Last Will and Testament of James E. Weaver, Deceased, and Dickinson Courtney, as Executor, etc., of James E. Weaver, Deceased, Respondents.

Third Department, December 29, 1937.

*John N. Schilling*, for the appellant.

*Randall J. LeBoeuf*, for the respondent Carrie Hermance Weaver.

*Louis J. Rezzemini*, for the respondents Augustus J. McNary, Margaret L. Agar and Grace Riesenberger.

*Reuss & LeFevre* [*W. L. LeFevre* of counsel], for the respondent Dickinson Courtney, Jr.

*Arthur L. Andrews*, for the respondents National Commercial Bank and Trust Company of Albany and Dickinson Courtney.

CRAPSER, J. This is an appeal by the petitioner from a decree of the Surrogate's Court of Albany county dismissing the petition of the petitioner and determining that the petitioner is not entitled to any share of the estate of James E. Weaver.

James E. Weaver died leaving a last will and testament which was admitted to probate by the surrogate of Albany county on June 21, 1912.

After the payment of his debts and funeral expenses the testator gave to his wife the use of his house No. 37 Ten Broeck street, Albany, N. Y., for her residence as long as she should live or until she should surrender and remove from said house as her residence.

At her death or removal the premises were to be sold and the proceeds added to and made a part of his residuary estate.

In the third clause of his will he gave to his trustees $50,000 in trust, the income to be paid to his wife so long as she should live in and occupy the house as her residence.

In case of her removal from the house, the trustees were directed to reduce the trust fund above mentioned to $25,000, the income from which was to be paid to his wife as long as she should live and at her death the principal of such fund should " revert to and become part of my residuary estate."

The thirteenth clause of his will is the subject of controversy in this proceeding. It is as follows:

" 13. All the rest, residue and remainder of my estate, I give, devise and bequeath to my sisters, Mrs. Jane F. Clapp, of Albany, N. Y., Mrs. Melissa A. Fonda, of Weehawken, N. J., and Mrs. Louise A. Courtney, of Albany, N. Y., to be divided between them share and share alike; the child or children of a deceased sister to take the share the mother would be entitled to."

All the residuary legatees and devisees survived the testator and all received during their lifetime all their respective shares of said residue in full except the $50,000 trust fund and the proceeds from the sale of the house and contents.

The widow of the testator is living but has removed from and surrendered said premises and contents, which were sold for $4,500, which sum has been distributed, but of which appellant received no part.

Subsequent to the testator's death Jane F. Clapp died leaving a will by which the residue of her estate was devised and bequeathed to her two daughters, Margaret L. Agar and Emma F. McNary, equally. Thereafter Emma F. McNary died, devising and bequeathing the residue of her estate to her son, Augustus J. McNary, and her husband, Charles H. McNary, equally. After the death of Emma F. McNary her husband, Charles H. McNary, married the appellant, Effie M. McNary, and thereafter died leaving a will by which the residue of his estate was devised and bequeathed to her.

The appellant claims to be entitled to an undivided one-twelfth interest in said trust fund at the death of the widow of James E. Weaver, by virtue of the devises and bequests of the residues under the wills of Jane F. Clapp, Emma F. McNary and Charles H. McNary, and for the same reason, that she is entitled now to one-twelfth of the proceeds of the sale of said house and contents.

The rule relied upon by the petitioner is set forth in section 40 of the Real Property Law as follows:

" A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates.

" It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

The rule is equally applicable to remainders of personal property. (*Stringer* v. *Young*, 191 N. Y. 157.)

The test as to vesting was stated in *Moore* v. *Littel* (41 N. Y. 66) as follows: " If you can point to a man, woman or child who, if the life estate should now cease, would, *eo instanti et ipso facto*, have an immediate right of possession, then the remainder is vested."

In construing a will, if the language is clear and definite, the will speaks for itself. If, on the other hand, the intent of the testator is not clear from the language of the will, it is proper to take into consideration all the attending circumstances surrounding the will.

The language of this will was clear and unambiguous. The residue was bequeathed and devised to the testator's three sisters, all of whom survived him, and not to the class. At testator's death the gift to them was absolute because such residue vested in them immediately. The words of the will denote an absolute gift. There is no direction to divide and pay over, no contingency of any kind. The mere postponement of the enjoyment of a portion of such residue did not prevent the vesting thereof.

The law favors a vesting of estates and the same will be held to be vested at the death of the testator, unless the contrary direction is clearly expressed. (*Stokes* v. *Weston*, 142 N. Y. 433.)

The words, " the child or children of a deceased sister to take the share the mother would be entitled to," added to the words of disposition of the residue, do not affect the fact of vesting at the testator's death. A devise and bequest to one person, and in the event of his death to another, means that the contingency referred to is a death during the lifetime of the testator.

The gift of such residue having been absolute and vested, the interest of Jane F. Clapp passed under her will and under the will of Emma F. McNary and Charles H. McNary to the appellant.

Remainders may be disposed of, devised and bequeathed by the persons entitled thereto, before being received by them. (*Matter of Chittick*, 243 N. Y. 304.)

The decree should be reversed on the law, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court for a decree in accordance with this opinion.

McNAMEE, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., concurs in a separate memorandum.

HILL, P. J. (concurring). Appeal from a decree and decision of the Albany County Surrogate's Court which determined that the residuary clause in the will of James E. Weaver, who died and whose will was probated in 1912, bequeathed a contingent remainder to testator's three sisters to become vested after the intervening use of all or a portion of the residuary by his widow, who under the will received the use for life, if she resided therein, of a house and furnishings, and the income from $50,000 so long as she resided in the house, and from $25,000 if she resided elsewhere. Upon the widow's death, or when she no longer resided in the house, it was to be sold by the executors, " the avails thereof to be added to " the residuary estate. . At the death of the widow " the principal of said trust fund to revert to and become part of " the residuary estate. The appellant asserts ownership of one-twelfth of the residuary as the legatee of her husband who died in 1929, he having received one-half of the residuary estate of his first wife, Emma F. McNary, who died in 1927, she being the daughter of, and taking by will one-half the residuary estate of Jane F. Clapp, who died in 1926, and was one of the three sisters of James E. Weaver and a residuary legatee under his will.

When James E. Weaver died at the age of seventy-seven years, his three sisters were all living and were respectively, seventy-one, sixty-seven and fifty-nine years of age, and his widow, who still lives, was fifty. All of the sisters are dead, each leaving descendants who claim the Weaver residuary to the exclusion of the appellant legatee, upon the theory that it will not vest until the termination of the widow's intervening use, and that under the language of the bequest these descendants take the shares which their respective mothers would have taken if living at the termination of the widow's use. If the Weaver residuary vested at his death, and was alienable, appellant owns the interest which she claims therein. If it did not vest, she received no part through the successive wills, none of which specifically mentioned the Weaver estate or the residuary.

The residuary clause reads:

" 13. All the rest, residue and remainder of my estate, I give, devise and bequeath to my sisters, Mrs. Jane F. Clapp, of Albany, N. Y., Mrs. Melissa A. Fonda, of Weehawken, N. J., and Mrs. Louise A. Courtney, of Albany, N. Y., to be divided between them share and share alike; the child or children of a deceased sister to take the share the mother would be entitled to."

*Matter of Crane* (164 N. Y. 71); *Matter of Baer* (147 id. 348); *Delafield* v. *Shipman* (103 id. 463); *Delaney* v. *McCormack* (88 id. 174) do not apply, as the words of gift speak *in præsenti* and not *in futuro* and are words of immediate purchase and not a direction to divide or pay at a future time. For reasons oft repeated, the law favors a construction whereunder an estate vests and unless a contrary intention is unequivocally and definitely expressed in the will, it will not be imputed. There is no presumption that the testator intended to create a contingent remainder. (*Matter of Chalmers*, 264 N. Y. 239; *Matter of Watson*, 262 id. 284; *Cammann* v. *Bailey*, 210 id. 19; *Connelly* v. *O'Brien*, 166 id. 406; *Hersee* v. *Simpson*, 154 id. 496; *Goebel* v. *Wolf*, 113 id. 405.) The legacies given by the residuary clause of James E. Weaver's will vested upon his death, the distribution being deferred as to that portion of which his widow had an intervening use.

The clause, " the child or children of a deceased sister to take the share the mother would be entitled to," would have become effective only in the event that a sister, a residuary legatee, had died during the lifetime of the testator. Upon the death of James E. Weaver the estates granted by the residuary clause were alienable. (*Matter of Chittick*, 243 N. Y. 304; *Stringer* v. *Young*, 191 id. 157; *Lewis* v. *Howe*, 174 id. 340; *Matter of Tompkins*, 154 id. 634; *McLean* v. *Freeman*, 70 id. 81; *Briggs* v. *Davis*, 21 id. 574.)

The decree should be reversed on the law, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court for a decree in accordance with this opinion.

Decree reversed on the law, with costs to the appellant payable out of the estate, and matter remitted to the Surrogate's Court.