EDWIN PETERSON AND OTHERS v. ADOLPH PETERSON
AND OTHERS.[1]

June 21, 1946.

No. 34,210.

*A. J. Rockne* and *Milton I. Holst,* for appellants.
*Plato E. Sargent* and *Bentley & Christianson,* for respondents.

LORING, CHIEF JUSTICE.

Plaintiffs appeal from a judgment for defendants entered after an order denying plaintiffs' motion for amended findings and conclusions. Plaintiffs sought to have the deed hereinafter set out declared void as within the rule against perpetuities.

On or about April 6, 1939, Carrie Peterson executed and delivered the deed under consideration. It provided:

"Know All Men By These Presents, That Carrie Peterson, a widow, of Zumbrota, Minnesota, in consideration of the sum of One Dollars, love and affection in hand paid by Adolph O. Peterson, of Goodhue County, Minnesota, have bargained and sold, and do here-

[1]Reported in 23 N. W. (2d) 580.

by grant, bargain, sell and convey unto the said *Adolph O. Peterson for life and then to his wife Hannah if she survive him, for her life and then to the child and/or children of Adolph O. Peterson* who shall have entirely refrained from the use of intoxicating liquors for the last five years of said estates shall have title in fee thereto, and if no such qualifying children or child, then the title thereto shall vest in the *other surviving heirs* of Carrie Peterson, grantor herein, according to law by right of representation who shall meet the qualification, and if there be none, then same shall vest in her heirs at law according to statute, *but if no child of said Adolph O. Peterson shall survive him or his said wife,* or if said Adolph O. Peterson let the taxes become in default for seven months, on this land, then the rights of all heirs as set forth above, beginning with the children or child of said Adolph O. Peterson, are advanced to operate from the end of said seven months, in the order above named, subject to the qualifications named, the following described premises, situated in the County of Goodhue and State of Minnesota, to-wit:" (Italics supplied.) (Description of property and habendum clause follows.)

Minn. St. 1941, § 500.13, subd. 2 (Mason St. 1927, § 8045), provides that the absolute power of alienation shall not be suspended for a longer period than the continuance of two lives in being. Plaintiffs base their claim of invalidity on this section.

Defendants Adolph O. Peterson and his wife, Hannah, are the two lives in being, so the rule of Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L.R.A.(N.S.) 825, is not applicable. The issue is whether the fee vests at the end of these life estates. The phrase "but if no child of said Adolph O. Peterson shall survive him or his said wife" demonstrates that the class "child and/or children of Adolph O. Peterson" was to be determined at the end of the life estates, and the fee would vest at that time in the child or children in that class who were qualified. If there were no one in that class, then the grantor's heirs, if any, who qualified would take. If there were none such, the grantor's heirs generally would take. By no

possibility would vesting of the fee be delayed longer than the two lives in being. Plaintiffs' contention that the rule is violated because a court action might be necessary to determine whether any children exist who answer the qualifications is without merit. The fee vests in one of the classes named immediately, even though a court action might be necessary to determine where it had vested. This is similar to the probate of a will which provides for distribution to persons ascertained on the probate of the will or "upon the termination of the administration of his [the] estate." Trautz v. Lemp, 329 Mo. 580, 595, 46 S. W. (2d) 135, 138. Unless the instrument clearly indicates that such an administrative period of time is an independent element, it should not be added to the otherwise permissible time during which the period of alienation may be suspended. Atwater v. Russell, 49 Minn. 22, 51 N. W. 624; *Id.* 49 Minn. 57, 51 N. W. 629. The rule against perpetuities is concerned only with the time within which the title vests and not with the postponement of the enjoyment of the estate. In re Estate of Sherk, 191 Minn. 143, 253 N. W. 365.

Affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.